1  Jennifer N. Lutz, Esq., Bar No. 190460
   Erik T. Johnson, Esq., Bar No. 279940
2  **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
   11622 El Camino Real, Suite 300
3  San Diego, CA 92130
   Telephone: (858) 755-8500
4  Facsimile: (858) 755-8504
   E-mail: jlutz@pettitkohn.com
5         ejohnson@pettitkohn.com

6  Attorneys for Defendants
   **BUSHFIRE GRILL, INC. and**
7  **BUSHFIRE BEACHSIDE, INC.**

8
                 **UNITED STATES DISTRICT COURT**
9
                **SOUTHERN DISTRICT OF CALIFORNIA**
10

11  JAIRO PACHECO, individually and          CASE NO.:  **'18 CV 1696 BEN WVG**
    on behalf of other similarly situated
    current and former employees,
12                                            **DECLARATION OF ERIK T.**
                      Plaintiff,              **JOHNSON, ESQ. IN SUPPORT OF**
13                                            **DEFENDANTS' NOTICE OF**
    v.                                        **REMOVAL OF ACTION;  UNDER**
14                                            **28 U.S.C. §§ 1331, 1441, AND 1446**
    BUSHFIRE GRILL, INC., a                   **(FEDERAL QUESTION)**
15  California corporation; BUSHFIRE
    BEACHSIDE, INC., a California             Courtroom:
16  corporation; and DOES 1-100,             District Judge:
    inclusive,                                Magistrate Judge:
17                                            Complaint Filed: May 24, 2018
                      Defendants.             Trial Date:
18

19         I, Erik T. Johnson, Esq. declare:

20         1.     I am an attorney at law duly licensed to practice before all the courts of

21  the State of California and the United States District Court for the Southern District

22  of California.  I am an associate with the law firm of Pettit Kohn Ingrassia Lutz &

23  Dolin PC ("Pettit Kohn"), attorneys of record for Defendants Bushfire Grill, Inc.

24  and Bushfire Beachside, Inc. ("Defendants").

25         2.     I am familiar with the facts and proceedings of this case and if called

26  as a witness, I could and would competently testify to the following facts from my

27  own personal knowledge.

28  ///

2354-2472

                                      1

1       3.      Attached to my declaration as Exhibit A is a true correct copy of the

2  Summons, Complaint, and Civil Cover Sheet Plaintiff Jairo Pacheco filed in the

3  Superior Court for the State of California, County of San Diego on May 24, 2018.

4       4.      Previously, attorneys Aaron F. Olsen, Esq. and Christopher H. Conti,

5  Esq. of the law firm Fisher & Phillips LLP represented Defendants in this matter.

6  On or around July 3, 2018, Defendants retained Pettit Kohn to represent them in

7  this matter.  On or around July 5, 2018, the law firm of Fisher & Phillips LLP sent

8  Pettit Kohn the file for this matter.  Included in this file were Notices and

9  Acknowledgment of Receipt executed on behalf of both Defendants by attorney

10  Christopher H. Conti on June 27, 2018.  Attached as Exhibit B to my declaration

11  are true and correct copies of the Notices and Acknowledgment of Receipt Pettit

12  Kohn received from the law firm of Fisher & Phillips on or around July 5, 2018.

13       5.      Defendants answered the Complaint in San Diego Superior Court prior

14  to removal.  A Case Management Conference is currently set for November 02,

15  2018 at 9:30 a.m. in Department N-29 San Diego Superior Court.  Attached as

16  Exhibit C to this declaration is a true and correct copy of Defendants' answer and

17  the Notice of Case Management Conference.  Defendants have also concurrently

18  lodged with this Court a true and correct copy of all process, pleadings, and orders

19  served on Defendants.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

2354-2472

2

DECL. OF ERIK T. JOHNSON ISO NOTICE OF REMOVAL OF ACTION
CASE NO.: _____

1    6.    On July 25, 2018, Defendants will file a Notice to Adverse Party of

2  Removal of Action to Federal Court with the Clerk of the San Diego Superior Court

3  pursuant to 28 U.S.C. § 1446(d).  A true and correct copy of the Notice to Adverse

4  Party of Removal of Action to Federal Court, along with the accompanying

5  Certificate of Service, are attached to my declaration as Exhibit D.

6    I declare under penalty of perjury pursuant to the laws of the State of

7  California that the foregoing is true and correct, except as to those matters which

8  are stated upon information and belief, and as to such matters, I am informed and

9  believe that they are true and correct.

10    Executed this 25th day of July 2018, in San Diego, California.

11

12    s/ Erik T. Johnson
        Erik T. Johnson, Esq.
13    Email: ejohnson@pettitkohn.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2354-2472

3
DECL. OF ERIK T. JOHNSON ISO NOTICE OF REMOVAL OF ACTION
CASE NO.: _____

**CERTIFICATE OF SERVICE**

I hereby certify that the following document(s):

**DECLARATION OF ERIK T. JOHNSON, ESQ. IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C. §§ 1331, 1441, AND 1446 (FEDERAL QUESTION)**

was served on this date to counsel of record:

[X]   **BY MAIL:** By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[ ]   **BY E-MAIL DELIVERY:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]   **BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

William J. Gorham, Esq.
Nicholas J. Scardigli, Esq.
Robert J. Wasserman, Esq.
Jenny D. Baysinger, Esq.
**MAYALL HURLEY P.C.**
2453 Grand Canal Blvd.
Stockton, CA 95207-8253
Tel:   (209) 477-3833
Fax:   (209) 477-4818
Email: wgorham@mayallaw.com
        nscardigli@mayallaw.com
        rwasserman@mayallaw.com
        jbaysinger@mayallaw.com
**Attorneys for Plaintiff**
**JAIRO PACHECO**

Executed on **July 25, 2018**, at San Diego, California.

_____
Sandra K. Lemoine

2354-2472

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BUSHFIRE GRILL, INC., a California corporation; BUSHFIRE
BEACHSIDE, INC., a California corporation; and DOES 1-100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JAIRO PACHECO, individually and on behalf of other similarly situated
current and former employees

| |
|---|
| *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**05/24/2018** at 01:48:46 PM<br>Clerk of the Superior Court<br>By Corrina Salazar,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>325 S Melrose Dr, Vista, CA 92081 | CASE NUMBER:<br>*(Número del Caso):*<br>37-2018-00026263-CU-OE-NC |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert J. Wasserman (Bar # 258538) / Jenny D. Baysinger (Bar # 251014)
Mayall Hurley P.C.                                                          Phone No.:
2453 Grand Canl Blvd., Stockton, CA 95207

| DATE:<br>*(Fecha)*   05/29/2018 | Clerk, by<br>*(Secretario)* | C. Salazar<br>C. Salazar | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |

Exhibit A
5

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Vladimir F. Kozina   (Bar # 95422)<br>Jenny D. Baysinger   (Bar # 251014)<br>Mayall Hurley PC<br>453 Grand Canal Blvd., Stockton, CA 95207<br>TELEPHONE NO.:                                 FAX NO.:<br>ATTORNEY FOR *(Name):* Plaintiff Adrian Quintero | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**05/24/2018** at 01:48:46 PM<br>Clerk of the Superior Court<br>By Corrina Salazar, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 S. Melrose Drive
MAILING ADDRESS: 325 S. Melrose Drive
CITY AND ZIP CODE: Vista 92081
BRANCH NAME: North County Regional Center

CASE NAME:
Jairo Pacheco v. Bushfire Grill, Inc., et al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 37-2018-00026263-CU-OE-NC |
| | | | JUDGE: Judge Ronald F. Frazier | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel      e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* TWO (2)
5. This case [X] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: May 24, 2018

Jenny D. Baysinger
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

Exhibit A
6

CM-010

### INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice– Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
 Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court Case Matter
 Writ–Other Limited Court Case Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment *(non-domestic relations)*
 Sister State Judgment
 Administrative Agency Award *(not unpaid taxes)*
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-harassment)*
 Mechanics Lien
 Other Commercial Complaint Case *(non-tort/non-complex)*
 Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late Claim
 Other Civil Petition

*LexisNexis® Automated California Judicial Council Forms*

Exhibit A
7

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/24/2018** at 01:48:46 PM
Clerk of the Superior Court
By Corrina Salazar, Deputy Clerk

1   MAYALL HURLEY P.C.
    WILLIAM J. GORHAM (SBN: 151773)
2   wgorham@mayallaw.com
    NICHOLAS J. SCARDIGLI (SBN: 249947)
3   nscardigli@mayallaw.com
    ROBERT J. WASSERMAN (SBN: 258538)
4   rwasserman@mayallaw.com
    JENNY D. BAYSINGER (SBN: 251014)
5   jbaysinger@mayallaw.com
    2453 Grand Canal Boulevard
6   Stockton, California 95207-8253
    Telephone: (209) 477-3833
7   Facsimile: (209) 477-4818
8
9   Attorneys for Plaintiff JAIRO PACHECO, individually and on behalf of other similarly
    situated current and former employees and as a proxy for the LWDA
10
11              SUPERIOR COURT OF THE STATE OF CALIFORNIA
12                          COUNTY OF SAN DIEGO

13   | | |
     |---|---|
     | JAIRO PACHECO, individually and on behalf of other similarly situated current and former employees | Case No.: 37-2018-00026263-CU-OE-NC |

14

15              Plaintiff,                CLASS ACTION COMPLAINT FOR
                                          DAMAGES AND CIVIL PENALTIES FOR:
16   v.
                                          1.  **FAILURE TO PROVIDE MEAL PERIODS
17                                             AND PREMIUM PAYMENTS** [Cal. Labor
     BUSHFIRE GRILL, INC., a California       Code §§ 512; 226.7] – Class
18   corporation; BUSHFIRE BEACHSIDE,     2.  **FAILURE TO PROVIDE REST PERIODS
     INC., a California corporation; and DOES  AND PREMIUM PAYMENTS** [Cal. Labor
19   1-100, inclusive,                        Code § 226.7] – Class
                                          3.  **FAILURE TO FURNISH ACCURATE
20              Defendants.                    WAGE STATEMENTS** [Cal. Labor Code §
                                              226(a)] – Class
21                                        4.  **FAILURE TO PAY WAGES DUE AND
                                              OWING AT SEPARATION** [Cal. Labor
22                                            Code §§ 201-203] – Class
                                          5.  **UNFAIR BUSINESS PRACTICES** – Class
23                                        6.  **FAILURE TO PAY OVERTIME WAGES**
                                              [Cal. Labor Code §§ 510; 1194; FLSA] –
24                                            Individual
                                          7.  **PRIVATE ATTORNEY GENERAL'S ACT
25                                            CLAIM FOR RECOVERY OF CIVIL
                                              PENALTIES**
26
27                                        **JURY TRIAL DEMANDED**
28

Class Action Complaint
Page 1 of 30

1    Plaintiff Jairo Pacheco ("Pacheco" or "Plaintiff") brings this Class Action Complaint, on

2    behalf of himself and all others similarly situated, against Defendant Bushfire Grill, Inc.

3    ("Bushfire") Bushfire Beachside, Inc. ("Bushfire Beachside") and Does 1 through 100

4    (collectively, "Defendants").  Pacheco brings this action, on behalf of himself and all others

5    similarly situated ("Class Members"), and as a proxy for the Labor and Workforce Development

6    Agency (the "LWDA") pursuant to Labor Code sections 2698, et seq., and alleges the following:

7                                                     **PARTIES**

8          1.          Pacheco, at all times relevant herein, was employed as a cook for Bushfire in its La

9    Costa, Carlsbad, San Diego County, California, and was an "employee" of Bushfire as defined by

10   California Labor Code section 3351, et seq.

11         2.          Bushfire is a corporation organized under the laws of the state of California,

12   qualified to conduct and conducting business in California, with its primary entity address located

13   at 2602 Del Mar Heights, Road, #102, Del Mar, San Diego County, California, and was at all

14   relevant times herein Pacheco's "employer" pursuant to the California Labor Code, California

15   common law, and pursuant to 29 U.S.C. § 203(d).

16         3.          Bushfire Beachside is a corporation organized under the laws of the state of

17   California, qualified to conduct and conducting business in California, with its principal place of

18   business (as registered with the California Secretary of State) located at 2602 Del Mar Heights,

19   Road, Suite 102, Del Mar, San Diego County, California.  Pacheco is informed and believes, and

20   on that basis alleges, that Bushfire Beachside his "employer" pursuant to the California Labor

21   Code, California common law, and pursuant to 29 U.S.C. § 203(d).

22         4.          Pacheco is not aware of the true names and capacities of the Defendants sued

23   herein as Does 1 through 100, whether individual, corporate, associate, or otherwise and therefore

24   sues such Defendants by these fictitious names.  Pacheco will amend this Complaint to allege their

25   true names and capacities when ascertained.   Pacheco is informed and believes, and on that basis

26   alleges, that each of the fictitiously named Defendants is responsible in some manner for the

27   occurrences herein alleged and that Pacheco's injuries and damages herein alleged were legally

28

Class Action Complaint
Page 2 of 30

caused by such Defendants.  Unless otherwise indicated, each Defendant was acting within the course and scope of said agency and/or employment, with the knowledge and/or consent of said co-Defendant.

5.      Pacheco is informed and believes and thereupon alleges that at all times mentioned herein, each of the Defendants, including each Doe Defendant, was acting as the agent, servant, employee, partner and/or joint venturer of and was acting in concert with each of the remaining Defendants, including each Doe Defendant, in doing the things herein alleged, while at all times acting within the course and scope of such agency, service, employment partnership, joint venture and/or concert of action.  Each Defendant, in doing the acts alleged herein, was acting both individually and within the course and scope of such agency and/or employment, with the knowledge and/or consent of the remaining Defendants.

## VENUE AND JURY TRIAL DEMAND

6.      Venue is proper in this court pursuant to California Code of Civil Procedure section 395, subdivision (a) because Bushfire and Bushfire Beachside both reside in San Diego County.  In addition, the actionable conduct alleged herein took place in San Diego County, Defendants conducted (and continue to conduct) business within San Diego County, and Pacheco's place of employment with Defendants was located within San Diego County.  Pacheco hereby demands a jury trial.

## GENERAL ALLEGATIONS

7.      Pacheco was hired by Bushfire and Bushfire Beachside to work as a cook, in and around January, 2016.  He worked continually in that position until late-May, 2017 when Pacheco initially resigned his employment.  After a brief hiatus, Pacheco was re-hired by Defendants on June 19, 2017.

8.      At all relevant times, Pacheco was properly classified as a non-exempt employee and paid on a bi-weekly pay period basis.  As a non-exempt employee, Pacheco was entitled to be paid at least minimum wage for all hours worked, entitled to overtime wages for all hours worked beyond eight (8) in a workday, forty (40) in a workweek, and/or hours worked on the seventh

Class Action Complaint
Page 3 of 30

1  workday during the pay period, and entitled to meal and rest breaks in accordance with Labor Code

2  section 512 and the applicable Industrial Welfare Commission Work Order.

3       9.    At the time of his initial hiring, Pacheco was not provided an Employee Handbook

4  or any other paperwork from Defendants.  Defendants did not inform Pacheco of his rights to meal

5  and rest breaks pursuant to California law at that time.

6      10.    Beginning with the second pay period Pacheco was employed by Defendants, he

7  routinely worked shifts in excess of eight (8) hours in a day, and often in excess of twelve hours

8  per day.  The first time Pacheco recorded a workday in excess of eight (8) hours was on January

9  30, 2016 when he worked for 8.38 hours.  See Time Records, January, 2016, attached as **Exhibit 1**

10  hereto for reference.

11      11.    Although the time records kept by Defendants specifically reflected Pacheco

12  worked in excess of eight (8) hours on January 30, 2016, he was not paid any premium overtime

13  wages during that period.  See Wage Statement, January 18-31,2016, attached as **Exhibit 2**.

14      12.    From the time he started working for Defendants, until February 13, 2017, Pacheco

15  regularly worked overtime, including frequently working beyond twelve (12) hours in a workday,

16  but was denied premium wages for such time worked.

17      13.    One extreme example occurred during the 10/10-10/23/16 pay period.  During that

18  two (2) week period, Pacheco recorded 121.11 total hours, including 37.16 hours that should have

19  been paid at one and one-half times Pacheco's regular hourly rate and 3.95 hours that should have

20  been paid at double Pacheco's regular hourly rate.  See Time Record for October, 2016 attached as

21  **Exhibit 3** hereto.

22      14.    Although Defendants' time keeping system plainly identified "Estimated

23  Overtime" in a specific column, Defendants did not pay Pacheco *any* overtime premium wages for

24  work performed between October 10 and October 23, 2016.  Wage Statement 10/10-10/23/16,

25  attached as **Exhibit 4**.  Pacheco was underpaid by $326.68 during that two-week period alone as a

26  result of Defendants deliberate and intentional policy of refusing to pay overtime premium wages

27  for overtime hours worked by their non-exempt employees.

28

Class Action Complaint
Page 4 of 30

15.     Similarly, during the pay period from January 2-10, 2017, Pacheco recorded ninety-nine (99) total hours, including 25 hours that should have been paid at one and one-half times Pacheco's regular hourly rate and 2.63 hours that should have been paid at double Pacheco's regular hourly rate.  Pacheco was underpaid $219.38 during just this single pay period.  See Wage Statement 1/2/17-1/15/17, attached as **Exhibit 5**; Time Record for January, 2017, attached as **Exhibit 6** hereto.

16.     At all relevant times, Defendants kept track of the time Pacheco and other non-exempt employees worked to the minute and were expressly aware of the total number of hours Pacheco and other employees worked that constituted overtime under both California law and the FLSA.

17.     Inexplicably, however, Pacheco was not compensated at overtime premium rates for a single hour worked for Defendant until the pay period beginning February 13, 2017.  See Wage Statement, February 13-26, 2017, attached as **Exhibit 7**.  Pacheco is informed and believes that other non-exempt California employees of Defendants were similarly denied overtime wages.

18.     Pacheco is further informed and believes that in and around February, 2017, another non-exempt employee of Defendants complained about not being properly paid overtime wages and not being provided the opportunity for duty-free meal and rest periods.

19.     In response to the complaint by another California non-exempt employee, Defendants instituted changes to a number of their policies and practices, including those relating to the payment of overtime premium wages and the provision of meal and rest periods.

20.     With respect to overtime wage issues, management representatives approached Pacheco and advised that non-exempt employees could make a choice; they could either 1) no longer work any overtime hours or 2) take an hourly wage pay cut but continue working overtime (which would be paid at time and one half).  Pacheco is informed and believes Defendants other non-exempt California employees were put to the same choice.  Pacheco elected to continue working overtime and, consequently, his hourly wage was reduced from $14.50 per hour to $12.75.

/ / /

Class Action Complaint
Page 5 of 30

21.     While Defendants became expressly aware they had not been properly paying their California non-exempt employees overtime premium wages in February, 2017, they made no effort to provide any back wages to Pacheco and the other employees.  Rather, they simply changed their policies *without* making their non-exempt employees whole.

22.     Further, although Defendants began paying overtime to Pacheco and other non-exempt California employees at the rate of time and one half beginning on February 13, 2017, they did not—at any time—pay overtime wages at the rate of double the employee's regular rate of pay.

23.     Both before and after February 13, 2017, Pacheco worked shifts in excess of twelve hours (12) in a workday.  By way of specific example, on March 24, 2017, Pacheco worked 13.94 hours.  See Time Record attached as **Exhibit 8**.  Although he worked hours that should have been paid at double time during the pay period including March 24, 2017, he was not paid for any hours worked at double his regular rate of pay.  See Wage Statement attached as **Exhibit 9**.

24.     This failure to properly pay double time wages continued until Pacheco separated from his employment with Defendants in and around November, 2017.  Pacheco is informed and believes the problem continues as to Defendants current non-exempt employees to date.

25.     Prior to February, 2017, in addition to being denied premium wages for overtime hours worked, Pacheco was routinely denied the opportunity to take timely duty-free meal and rest periods in accordance with California law.

26.     Pacheco is informed and believes that prior to February, 2017, Defendants did not have any policy (written or otherwise) in place regarding providing non-exempt employees the opportunity for duty-free meal and rest periods as required by California law and the applicable IWC Wage Order(s).  Prior to February, 2017, Defendants did not provide Pacheco, or their other California non-exempt employees, with any notification as to his rights to meal and rest periods under California law.

27.     At all times prior to February, 2017, non-exempt employees were expected to be constantly available during their shifts, coverage to facilitate breaks was not coordinated by Defendants, and the workload was such that breaks could not be taken.  Pacheco regularly did not

Class Action Complaint
Page 6 of 30

1   log meal and rest periods because he was not afforded the opportunity to take them.  The problem

2   persisted after February, 2017 until Pacheco briefly resigned his employment in late May, 2017,

3   but were less frequent.  When Pacheco was rehired in June, 2017, Defendants' denial of meal and

4   rest periods was even more prolific.

5        28.   At all relevant times, the time-keeping system utilized by Defendants had the

6   capability to log both paid 30-minute meal periods and unpaid 10-minute rest periods.

7        29.   Review of Pacheco's time records reflect that prior to February, 2017 he was

8   regularly not able to clock out for duty-free meal periods.  See Exhs. 3; 6.  In fact, prior to

9   February, 2017, Pacheco's time records indicate he was able to clock out for meal periods on fewer

10  than thirty *total* occasions—on average Pacheco received less than two meal periods *per month*

11  between November 1, 2016 and February 1, 2017.

12       30.   The time records further reveal Pacheco *never* logged a rest period at any time

13  prior to February, 2017.

14       31.   In furtherance of the policy and practice changes motivated by the employee

15  complaint in February, 2017, Defendants circulated a document titled "Bushfire Beachside, Inc.

16  Important Rules and Regulations" (the "February 2017 Rules Document") to Pacheco and other

17  non-exempt California employees.  A true and correct copy of the February 2017 Rules Document

18  is attached hereto as **Exhibit 10**.  Through the February 2017 Rules Document, Defendants

19  informed Pacheco and other non-exempt California employees, for the first time, of rights relating

20  to meal and rest periods under California law.

21       32.   Specifically, the February 2017 Rules Document advised employees of their right

22  to take one 10-minute rest break for every four (4) hours worked and to take one off-the-clock

23  thirty (30) minute meal period for each shift worked beyond five (5) hours.  The February 2017

24  Rules Document did not advise of the appropriate timing of meal periods and, importantly, did not

25  explain to Pacheco and Defendants' other non-exempt California employees that they had the right

26  to a second duty-free thirty (30) minute meal period for each shift worked beyond ten (10) hours.

27  / / /

28

---

Class Action Complaint
Page 7 of 30

1    33.    In conjunction with the February 2017 Rules Document, Pacheco and other non-

2  exempt employees were required to sign a document titled "Bushfire Beachside, Inc. Meal Period

3  Waiver Form" (the "2/17 Meal Period Waiver").  See **Exhibit 11**.  Through the 2/17 Meal Period

4  Waiver, Pacheco purported to waive his first meal period on any occasion his shift worked would

5  be less than six (6) hours.  There was no mention of second meal periods in the 2/17 Meal Period

6  Waiver and Pacheco did not waive his right to take a second meal period for shifts worked in

7  excess of ten (10) hours at any point during his employment with Defendants.

8    34.    Both the February 2017 Rules Document and the 2/17 Meal Period Waiver

9  expressly advised that failure to take and log meal and rest periods in accordance with the policy

10  may result in disciplinary action up to and including termination.  At no point during Pacheco's

11  employment was he ever disciplined for failing to log a meal or rest period.

12    35.    Between February, 2017 and May 25, 2017 Pacheco was able to log some first

13  meal periods—he was not afforded the opportunity to take a single second meal period.  Pacheco

14  was denied all second meal periods, and some first meal periods, during that timeframe because the

15  workload and responsibilities of prepping the restaurant for dinner and/or lunch and actually

16  cooking did not allow him to take meal periods.  Pacheco is informed and believes that the volume

17  of work and responsibilities similarly prevented other non-exempt employees, including hostesses,

18  servers, bussers, bartenders, and other kitchen staff from being relieved of duty for required meal

19  and rest periods.

20    36.    Pacheco stopped working for Defendants briefly in the beginning of June, 2017, at

21  least partly because he was unhappy with the overtime issues that had previous occurred and with

22  other wage and hour issues he experienced while an employee for Defendants.  Pacheco resigned

23  from his position on May 25, 2017, but was rehired June 19, 2017 (his first day back to work was

24  June 22, 2017).  Upon re-hire, Pacheco's regular hourly rate was $14.00.

25    37.    When Pacheco returned in June, 2017, Defendants presented him with a document

26  titled "Meal Period Acknowledgement and Waiver" (the "6/17 Meal Period Waiver").  Defendants

27  required Pacheco to sign the 6/17 Meal Period Waiver as a condition of his return to employment.

28

Class Action Complaint
Page 8 of 30

1    A true and correct copy of the 6/17 Meal Period Waiver that was in Pacheco's personnel file is

2    attached hereto as **Exhibit 12**.  It is unclear why Defendants required Pacheco and other non-

3    exempt employees to sign the 6/17 Meal Period Waiver when the 2/17 Meal Period Waiver had

4    recently been submitted, especially since the 6/17 Meal Period Waiver is unlawful on its face.

5        38.    Through Exhibit 12, Defendants misinformed Pacheco and other non-exempt

6    employees that they were allowed to waive all thirty (30) minute meal periods by mutual consent.

7    Defendants then required that Pacheco execute the waiver purporting to waive *all* meal periods to

8    which he was entitled under California law and the applicable provisions of Industrial Welfare

9    Commission Wage Order 5-2001.

10       39.    Pacheco is informed and believes Defendants required other non-exempt California

11   employees to execute similarly unlawful meal period waivers.  Defendants endeavored to mislead

12   Pacheco and the other non-exempt employees and purported to obtain Pacheco's consent to

13   "waive" all meal periods in a deliberate attempt to deprive employees of the opportunity for

14   required duty-free meal periods, and also to avoid the obligation to pay premium penalties for meal

15   periods that were not taken.

16       40.    After he was rehired on June 22, 2017, Pacheco was only afforded the opportunity

17   to take a duty-free meal period on one (1) occasion.  He did not take any other meal periods

18   because he was advised he had waived the right to take meal periods by signing the 6/17 Meal

19   Period Waiver.

20       41.    Through the duration of his employment Pacheco's time records reflect that he did

21   not clock out for meal periods on more than 300 out of 370 total shifts worked—just over 81% of

22   the time Pacheco was not afforded meal periods.  He only logged fourteen (14) rest periods *total*

23   and did not *ever* take a second meal period on a shift worked beyond ten (10) hours.

24       42.    At no point during his employment was Pacheco ever afforded an additional hour

25   of pay for any meal and/or rest period that he was denied the opportunity to take timely, or denied

26   the opportunity to take at all, as is required pursuant to Labor Code section 226.7.

27   / / /

28

---

Class Action Complaint
Page 9 of 30

43.     As a result of the myriad failures to properly pay wages, including premium wages for overtime and meal and rest break premiums, each and every wage statement Defendants furnished to Pacheco and their other non-exempt employees who worked overtime hours and/or who were denied a meal or rest period was inaccurate in that they did not accurately identify 1) gross wages earned, 2) net wages earned, or 3) wage rates and the number of hours worked at each wage rate.

44.     At the time Pacheco first resigned in late-May, 2017, there were substantial wages outstanding from Defendants.  In particular, since Defendants had done nothing to make Pacheco and other non-exempt employees who worked overtime whole, premium wages for all of the overtime hours Pacheco worked—wages for hours Defendants were expressly aware he had worked, was entitled to overtime wages for, and had only been paid regular wages for—were due and owing.  Similarly, at the time Pacheco resigned in May, 2017, there was a substantial amount of premium wages for denied meal and rest periods due and owing to him.  Both the unpaid overtime wages and the meal/rest period premium wages were not paid at the time Pacheco separated and/or within 72 hours of his resignation.  As a result, Pacheco is entitled to collect a waiting time penalty pursuant to Labor Code section 203.

45.     Similarly, after Pacheco was rehired in June, 2017 and then resigned again in October, 2017, there were wages due and owing at the time of separation that remain outstanding. Specifically, between June 22, 2017 and Pacheco's second resignation in approximately October, 2017, Pacheco was denied meal and rest periods as a result of the unlawful 6/17 Meal Period Waiver and was thus entitled to meal/rest period premium wages pursuant to Labor Code section 226.7.  Those premium wages were due and owing at the time of Pacheco's second resignation and remain outstanding today.  Defendants are liable for waiting time penalties pursuant to Labor Code section 203 resulting from those outstanding wages as well.

46.     The list of misconduct by Defendants set forth above is a partial list only, and by way of example.

/ / /

Class Action Complaint
Page 10 of 30

## **PRIVATE ATTORNEY GENERAL ACT ALLEGATIONS**

47.     The Private Attorney General Act ("PAGA"), as set forth at California Labor Code § 2698 *et seq.*, is and at all times relevant herein was applicable to Gast's employment by Defendants.

48.     Pursuant to Labor Code § 2699(a) any provision of the Labor Code which provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violations of the Labor Code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures outlined in Labor Code § 2699.3.  California Labor Code § 2699(a).

49.     Pursuant to PAGA, an "aggrieved employee" is "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." Labor Code § 2699(c).

50.     Pacheco was employed by Defendants and the alleged violations were committed against him during his time of employment.  Pacheco is therefore an aggrieved employee as defined by Labor Code § 2699(c).  Other current and former employees are also aggrieved employees in that one or more of the alleged violations were also committed against them during their time of employment with Defendants.

51.     Defendants violated the Labor Code as to Pacheco and other current and former employees it employed and/or employs within California by willfully failing to do the following:

    a.  Pay Overtime Wages – California Labor Code section 510 requires employers to compensate employees at a rate at least 1 ½ times the regular rate of pay for all hours worked beyond eight (8) in a workday and forty (40) in a workweek, and at least twice the regular rate of pay for all hours worked beyond twelve (12) in a workday and beyond eight (8) on the seventh day of the workweek.  As explained in the preceding paragraphs, and in paragraphs 10-24 specifically, Defendants routinely denied Pacheco overtime wages.  Even after Defendants began paying overtime, in February, 2017, they never paid wages at the rate of double Pacheco's regular rate for hours worked beyond twelve (12) in a workday.

    b.  Provide Meal/Rest Periods – Defendants routinely denied Pacheco and other non-exempt employees meal and rest periods and associated premiums, as explained in more detail in paragraphs 25-42 above.

---

Class Action Complaint
Page 11 of 30

    c.  <u>Furnish Accurate Itemized Wage Statements</u> – Because of the violations set forth above, the wage statements furnished by Defendants violated Labor Code section 226(a) insofar as they failed to accurately show:

        i.  The gross wages earned as required by section 226(a)(1).  Since Defendants did not accurately compensate Pacheco and other non-exempt California employees for overtime work performed, the wage statements issued by Defendants necessarily failed to accurately identify gross wages earned;

        ii.  The net wages earned in violation of section 226(a)(5).  Because of the myriad failures to properly pay wages, including the failure to provide meal and rest period premiums, the wage statements furnished to Pacheco and other employees necessarily failed to accurately identify net wages earned;

        iii.  All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).  Since Defendants did not pay Pacheco and other non-exempt California employees any overtime wages prior to February 13, 2017 (and did not properly pay overtime wages thereafter), the wage statement did not accurately reflect the number of hours worked at each pay rate.  I

    d.  <u>Maintain copies of accurate itemized wage statements</u> – Because of the violations set forth above, it is further alleged that Defendants failed to maintain copies of their employee's wage statement which accurately show the information required by section 226(a)(1), (5), and (9).

52.    Pursuant to Labor Code § 2699(f), the civil penalty recoverable in a PAGA action is that which is provided for by the by the Labor Code.  When the Labor Code does not provide a civil penalty, the penalty recoverable shall be $100 for the initial violation per employee per pay period and $200 for each subsequent violation per employee per pay period.

53.    Pursuant to Pursuant to California Labor Code § 2699(g), an aggrieved employee may recover the civil penalty on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed.  Furthermore, any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs.

54.    Pursuant to Labor Code § 2699.3, an aggrieved employee, including Gast, may pursue a civil action arising under PAGA after the following requirements have been met:

    a.    The aggrieved employee shall give written notice by certified mail to the LWDA and the employer (hereinafter "Employee's Notice") of the specific provisions of

California Labor Code alleged to have been violated, including the facts and theories to support the alleged violations;

      b.     The LWDA shall provide notice (hereinafter "LWDA's Notice") to the employer and the aggrieved employee by certified mail that it does not intend to investigate the alleged violation within 60 days of the postmark date of the Employee's Notice.  Upon receipt of the LWDA's Notice, or if the LWDA does not provide notice with 65 calendar days of the postmark date of the Employee's Notice, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

      c.     For all alleged violations not enumerated in Labor Code § 2699.5, the employer is given thirty-three (33) days to cure and notify the aggrieved employee by certified mail that the violation has been cured.  If the violation is not cured, the aggrieved employee may commence a civil action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties to which the employee may be entitled.

55.     On December 18, 2017, Pacheco provided written notice by certified mail to Defendants and the LWDA of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.  A true and correct copy of that notification letter is attached hereto as **Exhibit 13**.

56.     As of the filing of this Class Action Complaint, which is more 65 days after December 18, 2017, the LWDA has not responded to Pacheco's notification or otherwise indicated an intention to investigate his claims.  Pacheco has satisfied the administrative prerequisites under Labor Code § 2699.3 to bring a civil action to recover penalties against Defendants, in addition to other remedies, for violations of California Labor Code §§ 201, 202, 203, 226, 226.7, 256, 510, 512, 1194, and 1197, among others.

57.     As of the filing of the Complaint, which was more than thirty-three (33) days after December 18, 2017, Defendants have not furnished any notification reflecting that any of the

1  violations alleged in the December 18, 2017 notification letter have been cured pursuant to

2  California Labor Code section 2699.3, subdivision (c).

3  **CLASS ACTION ALLEGATIONS**

4      58.    Plaintiff seeks to maintain this action as a class action as to each and every cause of

5  action below pursuant to California Code of Civil Procedure section 378, et seq.  The proposed

6  classes and sub-classes consist of:

7      **Meal Period Class**

8
9      All individuals employed in California by Defendants in non-exempt positions who worked at least one shift beyond five (5) hours without receiving a duty-free meal period of at least thirty (30) minutes at any time from May 25, 2014 through the date of final judgment (the "Class Period") (the "Meal Period Class");

10

11

12      **Rest Period Class**

13      All individuals employed in California by Defendants in non-exempt positions who worked at least one shift beyond three and one-half (3 ½) hours without receiving a rest period at any time during the Class Period (the "Rest Period Class");

14

15

16      **2d Meal Period Sub-Class**

17      All members of the Meal Period Class who worked at least one shift beyond ten (10) hours without receiving a duty-free second meal period at any time during the Class Period (the "2d Meal Period Sub-Class");

18

19      **Separation Sub-Class**

20      All members of the Meal Period Class, the Rest Period Class, and/or the 2d Meal Period Sub-Class who separated from employment with Defendants at any time between May 25, 2015 through the date of final judgment (the "Separation Sub-Class")

21

22

23      59.    There are numerous questions of law and fact common to each member of the

24  Classes, including but not limited to the following:

25          a.    Whether Defendants had a uniform, policy, pattern and practice of not

26          relieving Class Members of all duties for required meal periods;

27  / / /

28

Class Action Complaint
Page 14 of 30

b.  Whether Defendants failed to have any written policy relating to meal and rest breaks applicable to Class Members prior to February, 2017. *Bradley v. Networkers Int'l., LLC* (2012) 211 Cal.App.4th 1129;

c.  Whether Defendants failed to provide Class Members the opportunity to take duty-free meal and rest periods during the Class Period;

d.  Whether Defendants' lack of a policy relating to meal and rest periods prior to February, 2017 resulted in Defendants failing to provide the opportunity for such meal/rest periods;

e.  Whether Defendants had a uniform, policy, pattern and practice of not relieving Class Members of all duties for required rest periods;

f.  Whether Defendants had a uniform, policy, pattern and practice of denying Class members the opportunity to take duty free meal and rest periods;

g.  Whether Defendants ever had any policy for providing Class Members a second meal period for shifts worked beyond ten (10) in a workday;

h.  Whether Defendants' uniform policy, pattern, and practice relating to meal periods as embodied in the 2/17 Meal Period Waiver unlawfully denied Class Members the opportunity to take second meal periods for shifts in excess of ten (10) hours;

i.  Whether the 6/17 Meal Period Waiver is facially unlawful;

j.  Whether Defendants' failure to provide premium payments to Class members for meal and rest periods that were denied violates Labor Code section 226.7 and the applicable IWC Order(s), including paragraphs 11 and 12 of IWC Order 5;

k.  Whether the wage statements Defendants furnish to Class Members fail to accurately identify all of the information required by Labor Code section 226(a). Specifically:

/ / /

i.  The gross wages earned (a)(1);

ii.  The net wages earned (a)(5); and

iii.  All applicable hourly rates in effect and the number of hours worked at each rate (a)(9)

l.  Whether a reasonable person could promptly and easily determine the information identified in the preceding paragraph by reference to the wage statements alone;

m.  Whether the inaccurate wage statements were furnished to Class Members knowingly and intentionally;

n.  Whether any errors/inaccuracies in the wage statements furnished to Class Members were the result of an isolated or unintentional payroll error due to a clerical or inadvertent mistake;

o.  Whether Defendants had a uniform policy, pattern, and practice of not paying employees outstanding premium wages for denied meal and rest periods upon separation;

p.  Whether the failure to pay premium wages pursuant to Labor Code § 226.7 during employment properly serves as a predicate for a violation of Labor Code §§ 201-202;

q.  Whether Defendants' failure to pay outstanding premium wages for denied meal and rest periods upon separation was willful;

r.  Whether Defendants' various violations of the Labor Code serve as predicate violations of the UCL;

60.  Plaintiff's claims are typical of the claims of the Class members as a whole, all of whom have sustained and/or will sustain damage and injury as a proximate and/or legal result of Defendants' violations of the Labor Code, specifically the lack of any written policy relating to meal and rest periods prior to February, 2017, the uniform policy, pattern, and practice of not relieving employees of duty for meal and rest periods at all times, and the unlawful policy relating

Class Action Complaint
Page 16 of 30

1    to meal periods that was instituted in June, 2017 and embodied in the 6/17 Meal Period Waiver.

2    Plaintiff's claims are typical of those of the class because Defendants subjected Plaintiff and each

3    Class Member to the same unlawful policies, practices, and procedures alleged herein.

4          61.     The defenses of Defendants, to the extent that such defenses apply, are applicable

5    generally to each of the Class Members as a whole and are not distinguishable as to the individual

6    putative Class Members.

7          62.     Plaintiff will fairly and adequately protect the interests of the Classes because he

8    has the same interest in obtaining recovery, suffered the identical types of violations as every other

9    proposed class member, and has retained counsel with extensive experience in litigation, including

10   representative actions.  Plaintiff does not have any individual interest that conflicts in any way with

11   those of each respective class as a whole and is in a position to represent the interests of the Meal

12   Period Class, the Rest Period Class, the Second Meal Period Sub-Class for a period of four (4)

13   years prior to the initiation of this lawsuit, and the Separation Sub-Class for a period of three (3)

14   years prior to the initiation of this lawsuit.

15         63.     A class action is superior to any other method available for fairly and efficiently

16   adjudicating the controversy because 1) joinder of individual class members is not practical, 2)

17   litigating the claims of individual class members would be unnecessarily costly and burdensome

18   and would deter individual claims, 3) litigating the claims of individual class members would

19   create a risk of inconsistent or varying adjudications that would establish incompatible standards of

20   conduct for Defendants, 4) class members still working for Defendants may be fearful of retaliation

21   if they were to bring individual claims, 5) class members would be discouraged from pursuing

22   individual claims because the damages available to them are relatively small, and 6) California

23   public policy encourages the use of the class actions to enforce California's employment laws and

24   protect individuals who, by virtue of their subordinate position, are particularly vulnerable.

25         64.     Judicial economy will be served by maintenance of this lawsuit as a class action.

26   To process numerous virtually identical individual cases will significantly increase the expense on

27   the Court, the class members and Defendants, all while unnecessarily delaying the resolution of

28

Class Action Complaint
Page 17 of 30

1   this matter.  There are no obstacles to effective and efficient management of this lawsuit as a class

2   action by this Court, and doing so will provide multiple benefits to the litigating parties including,

3   but not limited to, efficiency, economy, and uniform adjudication with consistent results.

4         65.    Notice of a certified class action and any result or resolution of the litigation can be

5   provided to class members by mail, email, publication, or such other methods of notice as deemed

6   appropriate by the Court.

### FIRST CAUSE OF ACTION
**VIOLATION OF CALIFORNIA WAGE LAWS**
**(Failure to Provide Meal Periods and Premium Payments)**
**On Behalf of Plaintiff, the Meal Period Class, and the 2d Meal Period Sub-Class**
**Against All Defendants**

10         66.    Pacheco realleges and incorporates by reference each and every allegation in this

11   Complaint as though fully set forth herein, except as said paragraphs are inconsistent with the

12   allegations of this cause of action.

13         67.    Labor Code section 512 states that an employer may not employ an employee for a

14   work period of more than 5 hours per day without providing the employee with a meal period of

15   not less than 30 minutes, except that if the total work period per day is not more than 6 hours, the

16   mal period may be waived by mutual consent of both the employer and employee.  A second meal

17   period is required if an employee works more than 10 hours per day, except that if the total hours

18   worked is no more than 12 hours, the second meal period may be waived by mutual consent of the

19   employer and employee, but only if the first meal period was not waived.

20         68.    Prior to February, 2017, Plaintiff and the other member of the Meal Period Class did

21   not properly waive any meal period.  Between February, 2017 and June, 2017, Plaintiff properly

22   waived meal periods for shifts he worked that were less than six (6) hours, but did not properly

23   waive his right to any other meal periods.  After June, 2017, and as a result of the unlawful 6/17

24   Meal Period Waiver, Plaintiff and the other members of the Meal Period Class did not properly

25   waive any meal period.

26         69.    At no time did Plaintiff or the members of the 2d Meal Period Sub-Class waive their

27   rights to *any* second meal periods for shifts in excess of ten (10) hours.

28

Class Action Complaint
Page 18 of 30

70.     Nevertheless, as set forth in the General Allegations and elsewhere in this Complaint, Defendants did not provide meal periods as required by law.  The denials of meal periods were the result of Defendants longstanding and uniform policy and custom of failing to relieve employees of duty and instead requiring they continue working and remain available during designated meal periods, their longstanding policy of not advising employees of their rights to second meal periods and denying employees the opportunity for such, and Defendants' uniform application of the 6/17 Meal Period Waiver whereby they purported to obtain employee consent for waiver of *all* meal periods under California law.

71.     Labor Code section 226.7 provides that the employer shall pay the employee one hour of additional pay at the employee's regular rate of compensation for each workday that a meal or rest or recovery period is not provided.

72.     Defendants did not provide any premium payments to Plaintiff or the other members of the Meal Period Class or the 2d Meal Period Sub-Class who were denied the opportunity to take uninterrupted meal and rest periods.

73.     As a direct and proximate result of Defendants' misconduct, Plaintiff and the members of the Meal Period Class and the 2d Meal Period Sub-Class have lost wages and benefits.

74.     Wherefore, Plaintiffs and the other members of the Meal Period Class and the 2d Meal Period Sub-Class have been injured as set forth above and pray for relief as outlined below.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA WAGE LAWS**
**(Failure to Provide Rest Periods and Premium Payments)**
**On Behalf of Plaintiff and the Rest Period Class**
**Against All Defendants**

75.     Pacheco realleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

76.     California Industrial Welfare Commission Wage Order ("IWCWO") 5, paragraph 12, requires that employers must authorize and permit non-exempt employees to take a rest period

Class Action Complaint
Page 19 of 30

that must, insofar as practicable, be taken in the middle of each work period. The rest period is based on the total hours worked daily and must be at the minimum rate of 10 minutes for each 4 hour work period, or major fraction thereof. The Division of Labor Standards Enforcement considers anything more than two hours to be a "major fraction" of four. The California Supreme Court has made clear that a rest period must be provided for shifts worked in excess of 3 ½ hours and that a policy providing for rest periods for every four (4) hours worked is thereby unlawful. *Brinker Rest. Corp. v. Sup. Ct.* (2012) 53 Cal.4th 1004, 1032-1033.

77.     Nevertheless, as set forth above, Defendants deprived Plaintiffs and the other members of the Non-Exempt Class of required rest breaks pursuant to an established and longstanding policy and custom, including a written policy that only provided for rest periods "for every four hours worked" and thus, on its face, did not afford employees who worked a "major fraction thereof" the required rest periods. See Exh. 10.

78.     Under Labor Code section 226.7, if an employer fails to provide an employee a rest period in accordance with an applicable IWCWO, the employer shall pay the employee one additional hour of pay for each workday that the rest period is not provided.

79.     Defendants did not provide any premium payments to Plaintiff or the other members of the Rest Period Class who were denied rest periods.

80.     As a direct and proximate result of Defendants' misconduct, Plaintiff and the members of the Rest Period Class have lost wages and benefits.

81.     Wherefore, Plaintiff and the other members of the Rest Period Class have been damaged as set forth above and pray for relief as outlined below.

**THIRD CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA WAGE LAWS**
**(Failure to Furnish Accurate Wage Statements)**
**Against All Defendants**

82.     Pacheco hereby realleges and incorporates by reference each and every allegation in this Complaint above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

/ / /

Class Action Complaint
Page 20 of 30

83. Pursuant to Labor Code § 226(a) "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . ., (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer . . ., (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer . . ., the rate of pay and the total hours worked for each temporary services assignment."

84. Pursuant to Labor Code § 226(a) "every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when the wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee . . ., (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number, (8) the name and address of the legal entity that is the employer . . ., (9) all applicable hourly rates in effect during the pay period and corresponding number of hours worked at each hourly rate by the employee and, if the employer is a temporary services employer . . ., the rate of pay and the total hours worked for each temporary services assignment."

85. An employee suffering injury as a result of the knowing and intentional failure by an employer to comply with Labor Code § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one

1  hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed

2  the aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and

3  reasonable attorney's fees.  Labor Code § 226(e)(1).

4        86.     An employee is deemed to suffer injury if the employer fails to provide a wage

5  statement or if the employer fails to provide accurate and complete information as required by any

6  one or more of the items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly

7  and easily determine from the wage statement alone, i) the amount of gross/net wages paid to the

8  employee during the pay period or any of the other information required to be provided pursuant to

9  Labor Code § 226(a) items (2) to (4), inclusive, (6) and (9), ii) deductions made by the employer,

10  iii) the name and address of the employer and iv) the name of the employee and the last four digits

11  of his or her social security number or employee identification number.  Labor Code §

12  226(e)(2)(A) and (B)(i)-(iv).  "Promptly and easily determine" means a reasonable person would

13  be able to readily ascertain the information without reference to other documents or information.

14  Labor Code § 226(e)(2)(C).

15        87.     During the relevant Class Period, Defendants intentionally and willfully failed to

16  provide accurate itemized wage statements to Plaintiff and the other members of the Meal Period

17  Class, the Rest Period Class, and the 2d Meal Period Sub-Class as previously outlined in violation

18  of Labor Code § 226(a).  Specifically, because the wage statements did not include premium wages

19  due and owing for denied meal and rest periods, the wage statements did not accurately identify

20  gross and net wages earned.  *Brewer v. Gen. Nutrition Corp.* (N.D. Cal. 2015) 2015 U.S. Dist.

21  LEXIS 114860 *58.

22        88.     Wherefore, Plaintiff and the other members of the Meal Period Class, the Rest

23  Period Class, and the 2d Meal Period Sub-Class have been damaged as set forth above and request

24  relief as hereafter provided.

25  / / /

26  / / /

27  / / /

28

Class Action Complaint
Page 22 of 30

## FOURTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE SECTION 200 ET SEQ.
**(Failure to Pay Wages Upon Cessation of Employment)**
**On Behalf of Plaintiff and the Separation Sub-lass**
**Against All Defendants**

89.    Pacheco hereby realleges and incorporates by reference each and every allegation in this Complaint above as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

90.    Labor Code section 201 requires an employer, when discharging an employee, to immediately pay the wages earned and unpaid at the time of discharge.  Accrued but unused vacation time is considered wages that must be paid immediately upon termination.  Labor Code section 202 mandates that employer's provide all wages within seventy-two (72) hours of an employee voluntarily leaving employment unless the employee provides more than seventy-two (72) hours notice.

91.    During the relevant time period, Defendants failed to pay Plaintiff and the other members of the Separation Sub-Class all earned wages at the time of separation.  Specifically, Defendants still owe outstanding wages for meal and rest period premiums incurred during employment that went uncompensated.

92.    Labor Code section 203(a) provides a civil penalty of up to 30 days wages.

93.    Wherefore, Plaintiff and the other members of the Separation Sub-Class have been damaged as set forth above and pray for relief as outlined below.

## FIFTH CAUSE OF ACTION
### UNFAIR/UNLAWFUL BUSINESS PRACICES
**(Cal. Bus. & Prof. Code § 17200)**
**Against All Defendants**

94.    Pacheco hereby realleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

/ / /

Class Action Complaint
Page 23 of 30

95. Defendants' statutory violations alleged herein, and each of them, are unfair and unlawful business practices within the meaning of Business & Professions Code § 17200 et. seq.

96. In particular, Defendants' failures to provide meal and rest breaks and associated premiums, furnish and/or maintain accurate wage statements, and pay all wages due and owing at separation violate Labor Code §§ 201-203, 226, 226.7, 512. Defendants' conduct towards the Classes violates these and other California laws.

97. Plaintiff and the other Class Members have suffered actual harm as direct and proximate result of Defendants' unfair and unlawful business practices, including being deprived of wages and interest on such amounts.

98. Plaintiff requests that the court order restitution by Defendants to Plaintiff and the Class Members of all wages unlawfully withheld and unpaid by Defendants with interest thereon.

99. Plaintiff is informed and believes that Defendants are continuing to treat members of the Classes unlawfully and will continue to do so unless enjoined by this Court.

100. Wherefore, Plaintiff and the other Class Members have been damaged as set forth above and request relief as hereafter provided.

## SIXTH CAUSE OF ACTION
**(Failure to Pay Overtime as required by Labor Code §§ 510, 1194, and the FLSA)**
**On Behalf of Plaintiff, Individually (also included in the PAGA cause of action)**
**Against All Defendants**

101. Pacheco hereby realleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

102. Pursuant to California Labor Code section 510, any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an

Class Action Complaint
Page 24 of 30

1    employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall

2    be compensated at the rate of no less than twice the regular rate of pay of an employee.

3         103.     Pursuant to Labor Code sections 510, 558, and 1194 and the applicable IWC Wage

4    Order(s) 5, it is unlawful to employ persons without compensating them at a rate of pay either

5    time-and-one-half or two-times that person's regular rate of pay for all time worked beyond 8

6    hours in a day or 40 hours in a workweek, depending upon the number of hours worked by the

7    person on a daily or weekly basis.

8         104.     The Fair Labor Standards Act, 29 USC §§ 201 et seq. and 29 CFR §§ 778 et seq.

9    require time and a half pay for the time an employee works over forty hours a week.  29 USC §§

10    207 and 215(a) make the failure to pay overtime unlawful.

11         105.     At all times relevant herein, County was Pacheco's employer and required to pay

12    Pacheco overtime rates for all hours worked beyond forty (40) in a workweek pursuant to FLSA.

13         106.     During the relevant time period, Pacheco, and other non-exempt employees,

14    regularly worked in excess of 8 hours per day, in excess of 40 hours per workweek, in excess of 6

15    days per workweek, and/or in excess of 12 hours per day.

16         107.     As discussed above, at all times prior to February, 2017, Defendants' failed to

17    provide Pacheco with payment of 1.5 times the amount of his regular rate of pay for all hours

18    worked in excess of forty (40) hours per week, in direct violation of the FLSA.

19         108.     Pacheco is informed and believes, and on that basis alleges, that Defendants' failure

20    to properly compensate him for overtime work performed for its benefit was willful pursuant to 29

21    U.S.C. § 255(a).  In particular, Defendants were specifically aware of the FLSA statutes and

22    regulations governing overtime compensation and were specifically aware that Pacheco was

23    subject to the FLSA.  Despite this knowledge, and direct knowledge of the fact Pacheco worked

24    substantial hours beyond forty (40) in a workweek prior to February 13, 2017, Defendants failed to

25    pay Pacheco *any* overtime premium wages for that work.

26    ///

27    ///

28

Class Action Complaint
Page 25 of 30

109.   Pacheco is further informed and believes, and based thereon alleges, that Defendants' failure to properly pay him overtime was willful and was not the result of a good faith attempt to comply with the FLSA.

110.   During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Pacheco and its other non-exempt employees in compliance with California law.  Specifically, Defendants failed to pay Pacheco and other non-exempt employees an overtime wage for hours worked beyond eight (8) in a workday and/or forty (40) in a workweek that were recorded on Defendants' time-keeping system *at all* prior to February 13, 2017.  Instead, during that time, only the base hourly rate (the "straight time" rate) was paid.  Defendants' actions violate Labor Code sections 510, 558, and 1194 and the applicable IWC Wage Order(s).

111.   After February 13, 2017, Defendants continued failing to properly pay overtime premium wages for all overtime hours worked.  Specifically, the overtime rate of pay afforded to Pacheco and other non-exempt employees was always *only* 1 ½ times the regular hour rate, even for hours worked beyond twelve (12) in a workday and/or beyond eight on the seventh consecutive workday in a workweek.  No double time wages as required by California law were ever provided.

112.   Pursuant to California Labor Code section 1194(a), notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

113.   As a direct and proximate result of Defendants' misconduct, Pacheco has lost wages and benefits.

114.   Wherefore, Pacheco has been damaged as set forth above and requests relief as hereafter provided.

/ / /

/ / /

/ / /

Class Action Complaint
Page 26 of 30

# SEVENTH CAUSE OF ACTION
## VIOLATION OF PRIVATE ATTORNEY GENERAL ACT ("PAGA")
### Against all Defendants

115.     Pacheco hereby realleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein, except as said paragraphs are inconsistent with the allegations of this cause of action.

116.     Plaintiff is an "aggrieved employee" under the PAGA as he was employed by Defendants during the applicable statutory period, from March 21, 2017 through the present, and suffered one or more of the Labor Code violations outlined herein.  As such, Pacheco seeks to recover, on behalf of and as a proxy for the Labor and Workforce Development Agency (the "LWDA"), the civil penalties provided by the PAGA and reasonable attorneys' fees and costs.

117.     Plaintiff seeks to recover the PAGA civil penalties through a representative action permitted by the PAGA and *Arias v. Sup. Ct.* (2009) 46 Cal.4th 969.  Class certification of the PAGA claims is not required.

118.     Plaintiff seeks to enforce the California Labor Code and related regulations and Industrial Wage Order(s) on behalf of the LWDA and pursuant to the PAGA for a number of violations which include, but are not limited to, all of the following: Labor Code sections 204, 226, 226.3, 226.7, 510, 512, 558, 1194, 1197, 1197.1, and 2699.

119.     The civil penalty recoverable by an aggrieved employee in a PAGA action for violations of Labor Code sections 510 or 512, or any order of the IWC, is set forth at Labor Code section 558.  Labor Code section 558 provides a civil penalty of (1) fifty dollars ($50) for each underpaid employee for each pay period which the employee was underpaid for any initial violation and (2) one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid for each subsequent violation as well as an amount sufficient to recover underpaid wages.  Labor Code section 558 further provides that any employer or other person acting on behalf of an employer who fails to pay overtime wages due shall be subject to the penalties set forth therein.

/ / /

Class Action Complaint
Page 27 of 30

120. The civil penalty recoverable for the failure to provide accurate, itemized wage statements is that outlined in Labor Code section 226.3. *Raines v. Coastal Pac. Food Distributors, Inc.* (2018) 2018 Cal.App. LEXIS 468 *10-11.

121. Pursuant to Labor Code § 2699(f), the civil penalty recoverable in a PAGA action, when the Labor Code does not provide a civil penalty shall be $100 for the initial violation per employee per pay period and $200 for each subsequent violation per employee per pay period.

122. As a result of the myriad violations of the Labor Code and applicable IWC Order(s), Plaintiff seeks recovery of civil penalties, attorneys' fees and costs pursuant to the PAGA as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Pacheco prays judgment against Defendants and each of them, on behalf of himself and the other members of the Meal Period Class, the Rest Period Class, the 2d Meal Period Sub-Class, and the Separation Sub-Class, and as a proxy for the LWDA, as follows:

**As to the First through Fifth Causes of Action:**

1. That this Court certify the Classes identified in Paragraph 58;

2. That this Court certify Pacheco as the representative of each of the Meal Period Class, the Rest Period Class, the 2d Meal Period Sub-Class, and the Separation Sub-Class;

3. For declaratory relief that Defendants violated the aforementioned Labor Code provisions;

4. That this court award actual, compensatory, special, and general damages as well as restitutionary relief to Pacheco and the other Class Members;

5. For injunctive relief, including that available under Labor Code section 226(h) and Business and Professions Code Section 17203;

6. For unpaid premium pay as required by Labor Code section 226.7 and the applicable IWC Wage Order(s);

/ / /

Class Action Complaint
Page 28 of 30

7.     That this Court award statutory penalties, including but not limited to those available under Labor Code §§ 226, 226.7, and 203;

8.     For statutory attorneys' fees and costs, including but not limited to those available under Labor Code §§ 218.5, 226; 1194, and 1197.1;

9.     For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including those available under Civil Code sections 3287(a) and 3289(b) and Labor Code sections 218.6; and

10.     For such other and further relief as the court deems just and proper

**As to the Sixth Cause of Action**

1.     For declaratory relief that Defendants violated Labor Code section 510 and the FLSA as to Pacheco;

2.     That this court award actual, compensatory, special, and general damages, including unpaid overtime wages, as well as restitutionary relief to Pacheco;

3.     For unpaid overtime premium wages pursuant to California Labor Code sections 510, and 1194, and the applicable provisions of IWC Wage Order 5;

4.     For liquidated damages in an amount equal to the unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

5.     For statutory attorneys' fees and costs, including those available under 29 U.S.C § 216(b), Code of Civil Procedure § 1021.5, and Labor Code §§ 218.5, 226; 1194, 1197.1;

6.     For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, according to proof; and

7.     For penalties pursuant to 29 U.S.C § 216.

8.     For prejudgment and post-judgment interest according to any applicable provision of law or as otherwise permitted by law, including those available under Civil Code sections 3287(a) and 3289(b) and Labor Code sections 218.6; and

9.     For such other and further relief as the court deems just and proper

Class Action Complaint
Page 29 of 30

**As to the Seventh Cause of Action**

1.     For civil penalties available pursuant to Labor Code section 2699(f) and the penalty provisions incorporated therein, including but not limited to sections 226.3, 210, 256, and 558.

2.     For attorneys' fees and costs pursuant to Labor Code section 2699(g) and 218.5;

3.     For all other and further relief as the Court deems just and proper.

**DATED:** May 24, 2018           **MAYALL HURLEY P.C.**

By_____

NICHOLAS J. SCARDIGLI
ROBERT J. WASSERMAN
WILLIAM J. GORHAM
JENNY D. BAYSINGER
Attorneys for Plaintiff,
JAIRO PACHECO, individually and on behalf of all others similarly situated an as a proxy for the LWDA

Class Action Complaint
Page 30 of 30

# EXHIBIT 1

BUSHFIRE - LA COSTA
Payroll Period     01/01/2017 To 01/31/2017

| First Name | Last Name | Clock In Date | Clock In Time | Clock Out Time | Break Start | Break End | Break Type | Actual Hours | Total Paid Hours | Regular Hours | Estimated Overtime H | Unpaid Breaks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jairo | Pacheco | January 1 2017 | 09:02pm | 10:11pm | | | | 1.15 | 1.15 | 1.15 | 0 | 0 |
| Jairo | Pacheco | January 2 2017 | 07:09am | 08:26pm | | | | 13.28 | 13.28 | 8 | 4 | 0 |
| Jairo | Pacheco | January 4 2017 | 09:28am | 09:46pm | | | | 12.3 | 12.3 | 8 | 4 | 0 |
| Jairo | Pacheco | January 6 2017 | 11:00am | 09:59pm | | | | 10.98 | 10.98 | 8 | 2.98 | 0 |
| Jairo | Pacheco | January 8 2017 | 06:59am | 03:45pm | | | | 8.77 | 8.77 | 8 | 0.77 | 0 |
| Jairo | Pacheco | January 9 2017 | 08:35am | 07:08pm | | | | 10.55 | 10.55 | 8 | 2.55 | 0 |
| Jairo | Pacheco | January 11 2017 | 09:49am | 09:51pm | | | | 12.03 | 12.03 | 8 | 4 | 0 |
| Jairo | Pacheco | January 13 2017 | 08:51am | 09:52pm | | | | 13.02 | 13.02 | 8 | 4 | 0 |
| Jairo | Pacheco | January 14 2017 | 11:04am | 09:46pm | | | | 10.7 | 10.7 | 8 | 2.7 | 0 |
| Jairo | Pacheco | January 15 2017 | 08:02am | 03:22pm | | | | 7.37 | 7.37 | 7.37 | 0 | 0 |
| Jairo | Pacheco | January 16 2017 | 11:34am | 09:41pm | | | | 10.12 | 10.12 | 8 | 2.12 | 0 |
| Jairo | Pacheco | January 18 2017 | 09:19am | 09:51pm | 03:38pm | 04:09pm | 30 min - Unpaid | 12.53 | 12.01 | 8 | 4 | 0.52 |
| Jairo | Pacheco | January 20 2017 | 11:12am | 09:45pm | | | | 10.55 | 10.55 | 8 | 2.55 | 0 |
| Jairo | Pacheco | January 21 2017 | 08:11am | 09:43pm | 04:03pm | 04:37pm | 30 min - Unpaid | 13.03 | 12.46 | 8 | 4 | 0.57 |
| Jairo | Pacheco | January 22 2017 | 07:14am | 02:19pm | | | | 7.08 | 7.08 | 7.08 | 0 | 0 |
| Jairo | Pacheco | January 23 2017 | 07:10am | 03:30pm | | | | 8.33 | 8.33 | 8 | 0.33 | 0 |
| Jairo | Pacheco | January 24 2017 | 11:18am | 09:48pm | | | | 10.5 | 10.5 | 8 | 2.5 | 0 |
| Jairo | Pacheco | January 25 2017 | 11:01am | 09:53pm | | | | 10.87 | 10.87 | 8 | 2.87 | 0 |
| Jairo | Pacheco | January 26 2017 | 11:04am | 09:52pm | | | | 10.8 | 10.8 | 8 | 2.8 | 0 |
| Jairo | Pacheco | January 27 2017 | 11:18am | 09:54pm | | | | 9.93 | 9.93 | 8 | 1.93 | 0 |
| Jairo | Pacheco | January 30 2017 | 11:06am | 09:34pm | | | | 10.47 | 10.47 | 8 | 2.47 | 0 |
| Jairo | Pacheco | Totals | | | | | | 214.36 | 213.27 | 159.6 | 50.57 | 1.09 |

# EXHIBIT 2

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| R7 / OFA 22527209 | 01/LC | 75155 | 1 of 1 |

BUSHFIRE GRILL INC
3433 Via Montebello unit 166
Carlsbad, CA 92009

**Earnings Statement**



Period Starting: 01/18/2016
Period Ending: 01/31/2016
Pay Date: 02/05/2016

Taxable Marital Status: Single
Exemptions/Allowances:    Tax Override:
  Federal:   1      Federal:
  State:    1      State:
  Local:    0      Local:
Social Security Number:   XXX-XX-8941

Jairo Pacheco
1575 Oak Drive Apt# L-6
Vista, CA 92084

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 12.0000 | 69.00 | 828.00 | 1580.40 |
| Cash tips | | 0.00 | 245.00 | 470.00 |
| Gross Pay | | | $1,073.00 | $2,050.40 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -106.77 | 173.88 |
| Social Security | -66.52 | 127.12 |
| Medicare | -15.56 | 29.73 |
| California State Income | -16.69 | 23.12 |
| California State DI | -9.65 | 18.45 |
| Net Pay | $612.81 | |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Sick | | |
| - Carry Over | | 0.00 |
| - Accrued Hours | 0.00 | 24.00 |
| - Taken Hours | 0.00 | 0.00 |
| - Balance | | 24.00 |
| Total Hours Worked | 69.00 | 131.70 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX6160 | XXXXXXXXX | 612.81 |

Your federal taxable wages this period are  $1,073.00

BUSHFIRE GRILL INC
3433 Via Montebello unit 166
Carlsbad, CA 92009

Pay Date:       02/05/2016

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX6160 | XXXXXXXXX | 612.81 |

THIS IS NOT A CHECK

Jairo Pacheco
1575 Oak Drive Apt# L-6
Vista, CA 92084

39

# EXHIBIT 3

BUSHFIRE - LA COSTA
Payroll Period    10/01/2016 To 10/31/2016

| First Name | Last Name | Clock In Date | Clock In Time | Clock Out Time | Break Start | Break End | Break Type | Actual Hours | Total Paid Hours | Regular Hours | Estimated Overtim | Unpaid Breaks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jairo | Pacheco | October 4 2016 | 12:00pm | 10:03pm | | | | 10.05 | 10.05 | 8 | 2.05 | 0 |
| Jairo | Pacheco | October 5 2016 | 12:02pm | 10:02pm | | | | 10 | 10 | 8 | 2 | 0 |
| Jairo | Pacheco | October 6 2016 | 10:13am | 07:30pm | | | | 9.28 | 9.28 | 8 | 1.28 | 0 |
| Jairo | Pacheco | October 7 2016 | 09:35am | 10:02pm | 01:23pm | 04:06pm | 30 min - Unpaid | 12.45 | 9.73 | 8 | 1.73 | 2.72 |
| Jairo | Pacheco | October 8 2016 | 09:42am | 10:07pm | | | | 12.42 | 12.42 | 8 | 4 | 0 |
| Jairo | Pacheco | October 9 2016 | 07:09am | 06:10pm | | | | 11.02 | 11.02 | 0 | 11.02 | 0 |
| Jairo | Pacheco | October 10 2016 | 12:51pm | 10:05pm | | | | 9.23 | 9.23 | 8 | 1.23 | 0 |
| Jairo | Pacheco | October 13 2016 | 09:38am | 09:55pm | | | | 12.28 | 12.28 | 8 | 4 | 0 |
| Jairo | Pacheco | October 14 2016 | 09:34am | 10:01pm | | | | 12.45 | 12.45 | 8 | 4 | 0 |
| Jairo | Pacheco | October 15 2016 | 10:16am | 10:14pm | | | | 11.97 | 11.97 | 8 | 3.97 | 0 |
| Jairo | Pacheco | October 16 2016 | 07:05am | 03:58pm | | | | 8.88 | 8.88 | 8 | 0.88 | 0 |
| Jairo | Pacheco | October 17 2016 | 10:48am | 09:41pm | | | | 10.88 | 10.88 | 8 | 2.88 | 0 |
| Jairo | Pacheco | October 18 2016 | 04:11pm | 09:50pm | | | | 5.65 | 5.65 | 5.65 | 0 | 0 |
| Jairo | Pacheco | October 19 2016 | 09:30am | 09:45pm | | | | 12.25 | 12.25 | 8 | 4 | 0 |
| Jairo | Pacheco | October 21 2016 | 11:10am | 10:09pm | | | | 10.98 | 10.98 | 8 | 2.98 | 0 |
| Jairo | Pacheco | October 22 2016 | 11:03am | 10:37pm | | | | 11.57 | 11.57 | 8 | 3.57 | 0 |
| Jairo | Pacheco | October 23 2016 | 07:03am | 10:01pm | | | | 14.97 | 14.97 | 8 | 9.65 | 0 |
| Jairo | Pacheco | October 24 2016 | 02:06pm | 10:32pm | | | | 8.43 | 8.43 | 2.35 | 0.43 | 0 |
| Jairo | Pacheco | October 26 2016 | 01:11pm | 10:16pm | | | | 9.08 | 9.08 | 8 | 1.08 | 0 |
| Jairo | Pacheco | October 28 2016 | 11:05am | 10:20pm | | | | 11.25 | 11.25 | 8 | 3.25 | 0 |
| Jairo | Pacheco | October 29 2016 | 12:03pm | 10:04pm | | | | 10.02 | 10.02 | 8 | 2.02 | 0 |
| Jairo | Pacheco | October 30 2016 | 07:15am | 08:06pm | | | | 12.85 | 12.85 | 8 | 4 | 0 |
| Jairo | Pacheco | October 31 2016 | 01:02pm | 09:41pm | | | | 8.65 | 8.65 | 8 | 0.65 | 0 |
| Jairo | Pacheco | | | Totals | | | | 246.61 | 243.89 | 168 | 70.67 | 2.72 |
| - | - | | - | - | - | - | | - | - | - | - | - |

# EXHIBIT 4

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| R7 / OFA 22527209 | 01/LC | 692551 | 1 of 1 |

BUSHFIRE GRILL INC
3433 Via Montebello unit 166
Carlsbad, CA 92009

## Earnings Statement



Period Starting: 10/10/2016
Period Ending: 10/23/2016
Pay Date: 10/28/2016

Taxable Marital Status:   Single
Exemptions/Allowances:      Tax Override:
   Federal:   1        Federal:
   State:   1        State:
   Local:   0        Local:
Social Security Number:   XXX-XX-8941

Jairo Pacheco
1575 Oak Drive Apt# L-6
Vista, CA 92084

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 14.5000 | 121.11 | 1756.10 | 21461.60 |
| Overtime | | 0.00 | 0.00 | 739.59 |
| Cash tips | | 0.00 | 494.00 | 6691.00 |
| Gross Pay | | | $2,250.10 | $28,892.19 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -339.30 | 3315.76 |
| Social Security | -139.51 | 1791.32 |
| Medicare | -32.63 | 418.94 |
| California State Income | -102.90 | 726.16 |
| California State DI | -20.25 | 260.02 |
| Net Pay | $1,121.51 | |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Sick | | |
|  - Carry Over | | 0.00 |
|  - Accrued Hours | 0.00 | 24.00 |
|  - Taken Hours | 0.00 | 0.00 |
|  - Balance | | 24.00 |
| Total Hours Worked | 121.11 | 1706.94 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX6160 | XXXXXXXXX | 1121.51 |

Your federal taxable wages this period are  $2,250.10

BUSHFIRE GRILL INC
3433 Via Montebello unit 166
Carlsbad, CA 92009

Pay Date:              10/28/2016

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX6160 | XXXXXXXXX | 1121.51 |

THIS IS NOT A CHECK

Jairo Pacheco
1575 Oak Drive Apt# L-6
Vista, CA 92084

41

# EXHIBIT 5

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| R7 / OFA 22527209 | 01/LC | 891588 | 1 of 1 |

BUSHFIRE GRILL INC
3433 Via Montebello unit 166
Carlsbad, CA 92009

## Earnings Statement

**ADP**®

Period Starting: 01/02/2017
Period Ending: 01/15/2017
Pay Date: 01/20/2017

Taxable Marital Status: Single
Exemptions/Allowances: Tax Override:
  Federal: 0    Federal:
  State: 0    State:
  Local: 0    Local:
Social Security Number: XXX-XX-8941

Jairo Pacheco
1575 Oak Drive Apt# L-6
Vista, CA 92084

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 14.5000 | 99.00 | 1435.50 | 2800.68 |
| Cash tips | | 0.00 | 362.00 | 923.00 |
| Gross Pay | | | $1,797.50 | $3,723.68 |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -263.37 | 558.91 |
| Social Security | -111.45 | 230.87 |
| Medicare | -26.06 | 53.99 |
| California State Income | -64.14 | 139.60 |
| California State DI | -16.17 | 33.51 |
| Net Pay | | $954.31 |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Sick | | |
| - Carry Over | | 0.00 |
| - Accrued Hours | 0.00 | 24.00 |
| - Taken Hours | 0.00 | 0.00 |
| - Balance | | 24.00 |
| Total Hours Worked | 99.00 | 193.15 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXX6160 | XXXXXXXXX | 954.31 |

Your federal taxable wages this period are $1,797.50

BUSHFIRE GRILL INC
3433 Via Montebello unit 166
Carlsbad, CA 92009

Pay Date:      01/20/2017

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXX6160 | XXXXXXXXX | 954.31 |

THIS IS NOT A CHECK

Jairo Pacheco
1575 Oak Drive Apt# L-6
Vista, CA 92084

42

# EXHIBIT 6

**BUSHFIRE - LA COSTA**
**Payroll Period**   01/01/2017 To 01/31/2017

| First Name | Last Name | Clock In Date | Clock In Time | Clock Out Time | Break Start | Break End | Break Type | Actual Hours | Total Paid Hours | Regular Hours | Estimated Overtime H | Unpaid Breaks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jairo | Pacheco | January 1 2017 | 09:02pm | 10:11pm | | | | 1.15 | 1.15 | 1.15 | 0 | 0 |
| Jairo | Pacheco | January 2 2017 | 07:09am | 08:26pm | | | | 13.28 | 13.28 | 8 | 4 | 0 |
| Jairo | Pacheco | January 4 2017 | 09:28am | 09:46pm | | | | 12.3 | 12.3 | 8 | 4 | 0 |
| Jairo | Pacheco | January 6 2017 | 11:00am | 09:59pm | | | | 10.98 | 10.98 | 8 | 2.98 | 0 |
| Jairo | Pacheco | January 8 2017 | 06:59am | 03:45pm | | | | 8.77 | 8.77 | 8 | 0.77 | 0 |
| Jairo | Pacheco | January 9 2017 | 08:35am | 07:08pm | | | | 10.55 | 10.55 | 8 | 2.55 | 0 |
| Jairo | Pacheco | January 11 2017 | 09:49am | 09:51pm | | | | 12.03 | 12.03 | 8 | 4 | 0 |
| Jairo | Pacheco | January 13 2017 | 08:51am | 09:52pm | | | | 13.02 | 13.02 | 8 | 4 | 0 |
| Jairo | Pacheco | January 14 2017 | 11:04am | 09:46pm | | | | 10.7 | 10.7 | 8 | 2.7 | 0 |
| Jairo | Pacheco | January 15 2017 | 08:00am | 03:22pm | | | | 7.37 | 7.37 | 7.37 | 0 | 0 |
| Jairo | Pacheco | January 16 2017 | 11:34am | 09:41pm | | | | 10.12 | 10.12 | 8 | 2.12 | 0 |
| Jairo | Pacheco | January 18 2017 | 09:19am | 09:51pm | 03:38pm | 04:09pm | 30 min - Unpaid | 12.53 | 12.01 | 8 | 4 | 0.52 |
| Jairo | Pacheco | January 20 2017 | 11:12am | 09:45pm | | | | 10.55 | 10.55 | 8 | 2.55 | 0 |
| Jairo | Pacheco | January 21 2017 | 08:41am | 09:43pm | 04:03pm | 04:37pm | 30 min - Unpaid | 13.03 | 12.46 | 8 | 4 | 0.57 |
| Jairo | Pacheco | January 22 2017 | 07:14am | 02:19pm | | | | 7.08 | 7.08 | 7.08 | 0 | 0 |
| Jairo | Pacheco | January 23 2017 | 07:10am | 03:30pm | | | | 8.33 | 8.33 | 8 | 0.33 | 0 |
| Jairo | Pacheco | January 24 2017 | 11:18am | 09:48pm | | | | 10.5 | 10.5 | 8 | 2.5 | 0 |
| Jairo | Pacheco | January 25 2017 | 11:01am | 09:53pm | | | | 10.87 | 10.87 | 8 | 2.87 | 0 |
| Jairo | Pacheco | January 26 2017 | 11:04am | 09:52pm | | | | 10.8 | 10.8 | 8 | 2.8 | 0 |
| Jairo | Pacheco | January 27 2017 | 11:58am | 09:54pm | | | | 9.93 | 9.93 | 8 | 1.93 | 0 |
| Jairo | Pacheco | January 30 2017 | 11:06am | 09:34pm | | | | 10.47 | 10.47 | 8 | 2.47 | 0 |
| Jairo | Pacheco | Totals | | | | | | 214.36 | 213.27 | 159.6 | 50.57 | 1.09 |

# EXHIBIT 7

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| R77 / OFA 22527209 | 01/LC | 988677 | 1 of 1 |

BUSHFIRE GRILL INC
3433 Via Montebello unit 166
Carlsbad, CA 92009

## Earnings Statement



Period Starting:   02/13/2017
Period Ending:    02/26/2017
Pay Date:         03/03/2017

Taxable Marital Status:   Single
Exemptions/Allowances:       Tax Override:
Federal:      0          Federal:
State:        0          State:
Local:        0          Local:
Social Security Number:   XXX-XX-8941

Jairo Pacheco
1575 Oak Drive Apt# L-6
Vista, CA 92084

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 12.7500 | 78.00 | 994.50 | 6744.34 |
| Overtime | 19.1250 | 24.97 | 477.55 | 477.55 |
| Cash tips | | 0.00 | 420.00 | 2124.00 |
| Gross Pay | | | $1,892.05 | $9,345.89 |

| Statutory Deductions | | this period | year to date |
|---|---|---|---|
| Federal Income | | -287.00 | 1406.43 |
| Social Security | | -117.31 | 579.45 |
| Medicare | | -27.44 | 135.52 |
| California State Income | | -72.46 | 352.23 |
| California State DI | | -17.03 | 84.11 |
| Net Pay | | $950.81 | |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Sick | | |
| - Carry Over | | 0.00 |
| - Accrued Hours | 0.00 | 24.00 |
| - Taken Hours | 0.00 | 0.00 |
| - Balance | | 24.00 |
| Total Hours Worked | 102.97 | 499.51 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXX6160 | XXXXXXXXX | 950.81 |

Your federal taxable wages this period are  $1,892.05

BUSHFIRE GRILL INC
3433 Via Montebello unit 166
Carlsbad, CA 92009

Pay Date:          03/03/2017

THIS IS NOT A CHECK

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXX6160 | XXXXXXXXX | 950.81 |

Jairo Pacheco
1575 Oak Drive Apt# L-6
Vista, CA 92084

# EXHIBIT 8

BUSHFIRE - LA COSTA
Payroll Period   03/01/2017 To 03/31/2017

| First Name | Last Name | Clock In Date | Clock In Time | Clock Out Time | Break Start | Break End | Break Type | Actual Hours | Total Paid Hours | Regular Hours | Estimated Overtime | Unpaid Breaks |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jairo | Pacheco | March 1 2017 | 09:51am | 09:53pm | 09:21pm | 09:41pm | 10 min - Paid | 12.03 | 11.08 | 8 | 3.08 | 0.95 |
| | | | | | 02:46pm | 03:33pm | 30 min - Unpaid | | | | | |
| Jairo | Pacheco | March 2 2017 | 09:49am | 09:53pm | 11:05am | 02:17pm | 30 min - Unpaid | 12.07 | 8.87 | 8 | 0.87 | 3.2 |
| Jairo | Pacheco | March 3 2017 | 09:33am | 09:41pm | 04:19pm | 04:57pm | 30 min - Unpaid | 12.13 | 11.5 | 8 | 3.5 | 0.63 |
| Jairo | Pacheco | March 5 2017 | 07:00am | 07:10pm | 02:45pm | 03:15pm | 30 min - Unpaid | 12.17 | 11.67 | 8 | 3.67 | 0.5 |
| Jairo | Pacheco | March 6 2017 | 09:30am | 09:48pm | 01:52pm | 02:29pm | 30 min - Unpaid | 12.3 | 11.68 | 8 | 3.68 | 0.62 |
| Jairo | Pacheco | March 8 2017 | 09:38am | 10:39pm | 02:39pm | 03:09pm | 30 min - Unpaid | 13.02 | 12.52 | 8 | 4 | 0.5 |
| Jairo | Pacheco | March 9 2017 | 08:30am | 09:37pm | 01:41pm | 02:31pm | 30 min - Unpaid | 13.12 | 12.29 | 8 | 4 | 0.83 |
| Jairo | Pacheco | March 10 2017 | 09:33am | 09:43pm | 04:03pm | 04:45pm | 30 min - Unpaid | 12.17 | 11.47 | 8 | 3.47 | 0.7 |
| Jairo | Pacheco | March 12 2017 | 07:57am | 07:24pm | 03:33pm | 04:05pm | 30 min - Unpaid | 11.45 | 10.92 | 8 | 2.92 | 0.53 |
| Jairo | Pacheco | March 13 2017 | 09:40am | 09:22pm | 04:31pm | 05:04pm | 30 min - Unpaid | 11.7 | 11.15 | 8 | 3.15 | 0.55 |
| Jairo | Pacheco | March 15 2017 | 10:00am | 08:30pm | 03:50pm | 04:20pm | 30 min - Unpaid | 10.5 | 10 | 8 | 2 | 0.5 |
| Jairo | Pacheco | March 16 2017 | 09:32am | 02:52pm | | | | 5.33 | 5.33 | 5.33 | 0 | 0 |
| Jairo | Pacheco | March 16 2017 | 02:53pm | 09:36pm | 02:53pm | 03:26pm | 30 min - Unpaid | 6.72 | 6.17 | 2.67 | 3.5 | 0.55 |
| Jairo | Pacheco | March 17 2017 | 09:40am | 09:54pm | 03:39pm | 04:09pm | 30 min - Unpaid | 12.23 | 11.73 | 8 | 3.73 | 0.5 |
| Jairo | Pacheco | March 19 2017 | 07:50am | 09:41pm | 03:03pm | 03:51pm | 30 min - Unpaid | 8.73 | 7.93 | 7.93 | 0 | 0.8 |
| Jairo | Pacheco | March 20 2017 | 09:41am | 09:47pm | 04:11pm | 04:40pm | 30 min - Unpaid | 12.1 | 11.62 | 8 | 3.62 | 0.48 |
| Jairo | Pacheco | March 23 2017 | 10:10am | 09:41pm | 04:20pm | 04:50pm | 30 min - Unpaid | 11.52 | 11.02 | 8 | 3.02 | 0.5 |
| Jairo | Pacheco | March 24 2017 | 07:03am | 09:37pm | 08:52pm | 09:08pm | 10 min - Paid | 14.57 | 13.94 | 8 | 4 | 0.63 |
| | | | | | 01:55pm | 02:27pm | 30 min - Unpaid | | | | | |
| Jairo | Pacheco | March 25 2017 | 09:56am | 09:47pm | 04:07pm | 04:38pm | 30 min - Unpaid | 11.85 | 11.33 | 8 | 3.33 | 0.52 |
| Jairo | Pacheco | March 26 2017 | 07:37am | 02:37pm | | | | 7 | 7 | 7 | 0 | 0 |
| Jairo | Pacheco | March 28 2017 | 09:03am | 09:39pm | 03:03pm | 03:37pm | 30 min - Unpaid | 12.6 | 12.03 | 8 | 4 | 0.57 |
| Jairo | Pacheco | March 29 2017 | 10:11am | 09:57pm | 01:19pm | 02:12pm | 30 min - Unpaid | 11.77 | 10.89 | 8 | 2.89 | 0.88 |
| Jairo | Pacheco | March 31 2017 | 09:33am | 10:15pm | 05:30pm | 06:00pm | 30 min - Unpaid | 12.7 | 12.2 | 8 | 4 | 0.5 |
| | | | | | 01:20pm | 01:30pm | 10 min - Paid | | | | | |
| Jairo | Pacheco | Totals | | | | | | 259.78 | 244.34 | 174.93 | 66.43 | 15.44 |
| - | - | - | - | - | - | - | - | | | | | |

# EXHIBIT 9

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| R7 / OFA 22527209 | 01/LC | 1050845 | 1 of 1 |

BUSHFIRE GRILL INC
3433 Via Montebello unit 166
Carlsbad, CA 92009

### Earnings Statement



Period Starting: 03/13/2017
Period Ending: 03/26/2017
Pay Date: 03/31/2017

Taxable Marital Status: Single
Exemptions/Allowances:    Tax Override:
   Federal: 0      Federal:
   State: 0      State:
   Local: 0      Local:
Social Security Number: XXX-XX-8941

Jairo Pacheco
1575 Oak Drive Apt# L-6
Vista, CA 92084

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 12.7500 | 78.93 | 1006.36 | 8770.70 |
| Overtime | 19.1250 | 28.29 | 541.05 | 1685.11 |
| Cash tips | | 0.00 | 439.00 | 3032.00 |
| **Gross Pay** | | | **$1,986.41** | **$13,487.81** |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -310.59 | 2069.89 |
| Social Security | -123.15 | 836.24 |
| Medicare | -28.80 | 195.57 |
| California State Income | -80.76 | 528.63 |
| California State DI | -17.88 | 121.39 |
| **Net Pay** | **$986.23** | |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Sick | | |
|    - Carry Over | | 0.00 |
|    - Accrued Hours | 0.00 | 24.00 |
|    - Taken Hours | 0.00 | 0.00 |
|    - Balance | | 24.00 |
| Total Hours Worked | 107.22 | 721.58 |

Deposits
| account number | transit/ABA | amount |
|---|---|---|
| XXXXXX6160 | XXXXXXXXX | 986.23 |

Your federal taxable wages this period are $1,986.41

BUSHFIRE GRILL INC
3433 Via Montebello unit 166
Carlsbad, CA 92009

Pay Date:      03/31/2017

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX6160 | XXXXXXXXX | 986.23 |

THIS IS NOT A CHECK

Jairo Pacheco
1575 Oak Drive Apt# L-6
Vista, CA 92084

# EXHIBIT 10

**BUSHFIRE BEACHSIDE INC**

**IMPORTANT RULES AND REGULATIONS**

Employee Name: _Jairo Pacheco_

Social Security Number: _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_

I understand and agree that I am <u>required</u> without exception to take a 10-minute <u>paid</u> rest break every 4 hours worked and a 30-minute <u>unpaid</u> lunch break if my shift is more than 5 hours.

I understand that failure to take and log (clock in and out) my rest and lunch breaks in accordance with company policy may result in disciplinary action, up to, and including, termination.

Use the bathrooms before you clock in for your shift or during your breaks unless in an emergency.

Employee Authorization

Employee Signature: _Jairo Pacheco_          Date: _8-22-17_

Supervisor Authorization

Supervisor Signature: _____          Date: _8/22/17_

47

EXHIBIT 11

# BUSHFIRE BEACHSIDE INC

## Meal Break Waiver Form

Employee Name: _Jairo Pacheco_

Social Security Number: _613.40.8941_

Waiver Effective Date: _2/22/17_

I understand that under California Labor Law, if I work more than of 5 hours in a day, I am entitled to receive an <u>unpaid</u> meal break of not less than 30 minutes during which time I am relieved of all duties. I hereby request and give my consent that I may waive my 30-minute unpaid meal break only when my work and/or scheduled shift will be completed in 6 hours or less on any workday. I understand that this waiver <u>only</u> relates to days where I work 6 hours or less.

I further understand I may revoke this waiver at any time by notifying my manager and advising him/her that I wish to take my unpaid meal period break(s) per the 5 hour rule.

I understand that failure to take and log my meal period breaks in accordance with company policy may result in disciplinary action, up to, and including, termination.

In order for this waiver to be valid, my supervisor must also authorize the waiver in writing by signing below.

Employee Authorization

Employee Signature: _Jairo Pacheco_     Date: _2.22.17_

Supervisor Authorization

Supervisor Signature: _____     Date: _2/22/17_

48

# EXHIBIT 12



BUSHFIRE KITCHEN

MEAL PERIOD ACKNOWLEDGEMENT & WAIVER

California law statues that if an employee works more than six hours per day a thirty-minute unpaid break is required by law.  The law allows the employer and the employee to waive by mutual consent the thirty-minute unpaid break.

I hereby voluntarily waive my unpaid meal period break. I further understand that  I may revoke this waiver at any time by notifying my manager and advising him/her that I wish to take my unpaid meal period break.

If I decide to take an unpaid meal break, I understand that I must clock out and clock back in after my break. Failure to clock in and out in accordance with company policy may result in disciplinary action, up to, and including, termination.

_____ Employee Name

_____ Signature

_____ Date

# 14

49

EXHIBIT 13

LAW OFFICES

# MAYALL HURLEY

A PROFESSIONAL CORPORATION

SOUTHERN CALIFORNIA OFFICE

450 N. BRAND BLVD., SUITE 600
GLENDALE, CALIFORNIA 91203
(818) 646-6440

MAILING ADDRESS:
2453 GRAND CANAL BLVD.
STOCKTON, CALIFORNIA 95207

2453 GRAND CANAL BOULEVARD
STOCKTON, CALIFORNIA 95207-8253

FAX (209) 473-4818
TELEPHONE (209) 477-3833
WWW.MAYALLAW.COM

VLADIMIR F. KOZINA
STEVEN A. MALCOUN
MARK E. BERRY
WILLIAM J. GORHAM III
NICHOLAS J. SCARDIGLI
ROBERT J. WASSERMAN
JOHN P. BRISCOE
VLADIMIR J. KOZINA
JENNY D. DENNIS
DERICK E. KONZ
SALWA K. HADDAD
NATALI A. GULLI

OF COUNSEL
J. ANTHONY ABBOTT

December 18, 2017

## SUBMITTED TO THE LABOR AND WORKFORCE DEVELOPMENT AGENCY VIA ONLINE CLAIM NOTICE TO:  HTTPS://DIR.TFAFORMS.NET/116

Attn. PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, CA 94612

## VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED

Bushfire Grill, Inc.
3433 Via Montebello, Unit 166
Carlsbad, CA 92009

Bushfire Grill, Inc.
31556 Loma Linda Street
Temecula, CA 95259

Bushfire Grill, Inc.
40665 Winchester St, # B1
Temecula, CA 92591

Bushfire Grill, Inc.
2602 Del Mar Heights Rd, # 102
Del Mar, CA 92014

Bushfire Grill, Inc.
Incorp Services, Inc. – Agent for Service
c/o Steven Pickett5716 Corsa Ave, Suite 110
Westlake Village, CA 91362-7354

     Re:   Jairo Pacheco

To whom it may concern:

     This office has been retained by Jairo Pacheco in connection with claims arising out of his employment with Bushfire Grill, Inc. ("Bushfire" or "Employer").  Mr. Pacheco worked as an hourly non-exempt employee for Bushfire in their kitchen beginning in 2015.  In accordance with California Labor Code section 2699.3, this letter shall serve as Mr. Pacheco's written notice to the Labor and Workforce Development Agency ("LWDA") and Employer regarding the following alleged violations of the California Labor Code and the facts and theories supporting the same..

     Employers, within the last year and beyond, as to Mr. Pacheco and its other former and current employees, failed to:

    1.    Pay Overtime – Employers failed to pay all overtime wages owed to Mr. Pacheco and their other non-exempt employees in violation of Labor Code section 510 and the applicable

December 18, 2017
Page 2 of 4

IWC Order(s). Specifically, until approximately February, 2017, Bushfire refused to pay for hours worked beyond eight (8) in a workday, forty (40) in a workweek, the first eight (8) on the seventh consecutive workday, twelve (12) in a workday, and beyond eight (8) on the seventh consecutive day via premium wages. Instead, Bushfire only paid Mr. Pacheco and other non-exempt employees their base hourly wage for such hours. By way of specific example, during the pay period from December 19, 2016 through January 1, 2017, Mr. Pacheco's time records indicate he worked 94.15 hours. See Time Records attached hereto as **Exhibit A** for reference. Although the time records themselves plainly indicate some of California's overtime rules (8 hours daily, 40 hours weekly) and although the time records plainly indicate Mr. Pacheco worked in excess of eight (8) hours on a number of workdays during the workweek and in excess of forty (40) hours during each workweek—and even worked double time wages on December 26, 2016—he was not paid *any* overtime wages. See Wage Statement attached as **Exhibit B** for reference. Bushfire plainly was aware of its obligations under California law and simply made the conscious choice to deny Mr. Pacheco and other employees wages.

Mr. Pacheco is informed and believes that Bushfire acknowledged to Pacheco and other employees it was not properly paying wages in and around February, 2017. At that time, Bushfire told employees they could either 1) no longer work overtime (i.e. take a reduction in hours) or 2) take a reduction in hourly pay but start being paid premium wages for overtime hours worked. Mr. Pacheco elected to continue working overtime hours for the reduced hourly wage of $12.75. Thereafter, Bushfire began paying Mr. Pacheco (and presumably other non-exempt employees) for overtime hours worked at 1 ½ times the regular rate of pay. See Wage Statement attached as **Exhibit C**. Bushfire did not, however, pay Mr. Pacheco for any of the back overtime it had denied him before the policy change. In addition, even after the change, Bushfire continued (and continues) not to pay double time for hours worked beyond twelve (12) in a workday and beyond eight (8) on the seventh consecutive day of the workweek. See Time Records attached as **Exhibit D** (indicating Pacheco worked at least 13.94 hours on March 24, but did not receive any double time wages as reflected in Exh. C).

2.    Provide Meal Breaks – An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes. Similarly, an employer may not employ an employee for more than 10 hours per day without providing the employee with a second meal period. Because of their busy schedules, and with the full knowledge of Employer and encouragement of Employer, Mr. Pacheco and Bushfire's other former and current employees were not provided the opportunity to take meal breaks, did not timely receive their meal breaks, did not receive uninterrupted meal breaks and/or did not receive the requisite number of meal breaks for the duration of their shifts as required by Labor Code sections 226.7 and 512 as well as the applicable IWC Order(s). The time records plainly indicate Mr. Pacheco was presumptively unable to take meal periods, even in shifts exceeding twelve (12) hours, on a regular basis. **Exh. A** (reflecting meal periods denied during 9 out of 11 shifts worked during the workweek). Employer also failed to provide the requisite additional compensation required by Labor Code section 226.7 to employees who missed meal breaks. See e.g., **Exhs. B; D**. Mr. Pacheco also believes managers were instructed to (and did) insert meal periods into his time records on multiple occasions when he was not provided the opportunity to take them.

December 18, 2017
Page 3 of 4

3.  <u>Provide Rest Periods</u> – In addition to meal breaks, Employer's employees were entitled to regular rest breaks of 10 minutes for every 4 hours worked.  For the same reasons set forth above, Mr. Pacheco and Bushfire's other former and current employees did not receive their rest breaks, did not timely receive their rest breaks, did not receive uninterrupted rest breaks and/or did not receive the requisite number of rest breaks for the duration of their shifts. Employers failed to provide the requisite additional compensation required by Labor Code section 226.7.

4.  <u>Timely Pay Wages</u> – Labor Code section 204 requires that all wages earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as regular paydays.  Employers violated Labor Code section 204 by failing to timely pay proper overtime and the additional compensation associated with the missed meal and rest periods.

5.  <u>Failure to Furnish Accurate Itemized Wage Statements</u> – Because of the violations set forth above, and as evidenced in the samples of Mr. Pacheco's wage statements attached as **Exhibits B and D**, the wage statements furnished by Bushfire violated Labor Code section 226(a) insofar as they failed to accurately show:

   a.  The gross wages earned in violation of section 226(a)(1);
   b.  The total number of hours worked by the employee in violation of section 226(a)(2);
   c.  The net wages earned in violation of section 226(a)(5); and
   d.  All applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of section 226(a)(9).

   In addition to the deficiencies outlined above, which are derivative of the wage violations Bushfire. made, the wage statements furnished to Mr. Pacheco and other employees failed to identify the following:

   a.  The name and address of the entity that was Mr. Pacheco's employer as required by section 226(a)(8).
      i.  The wage statements identify "3433 Via Montebello, Unit 166 Carlsbad, CA 92009" until April, 2017.  Thereafter the wage statements identify "31556 Loma Linda Street Temecula, CA 95259."  Neither of these addresses corresponds with any of the addresses identified with the California Secretary of State.  This violation is believed to have impacted all employees of Bushfire Grill, Inc. regardless of his/her exemption status.

6.  <u>Maintain copies of accurate itemized wage statements</u> – Because of the violations set forth above, it is further alleged that Employer failed to maintain copies of their employees' wage statement in accordance with section 226(a).

52

December 18, 2017
Page 4 of 4

     If the LWDA believes that it needs additional information to determine whether to investigate these claims, please contact me immediately to request the additional information, which I will provide to the extent it is available to me or my client.

     If the LWDA does not intend to investigate these violations, Mr. Pacheco intends to file a civil complaint against Employer, pursuant to the Labor Code Private Attorney General Act of 2004 (Labor Code §§ 2698 – 2699.5), on behalf of himself and, as a proxy for the LWDA, on behalf of Employers other current and other former employees.  Thank you for your attention in this matter.

Regards,

MAYALL HURLEY P.C.

By

JENNY D. BAYSINGER

Enclosures

53

EXHIBIT A

BUSHFIRE LA COSTA

Overtime rules: 8 hrs daily, 40 hrs weekly (Monday start)

## Dec 19 2016 - Dec 25 2016

Total Hours: **46.82**

Total Wages: **$753.43**

| Date | Name | Wage rate | Time | Hours | Reg Hrs | OT Hrs | Reg Pay | OT Pay | Holiday Pay | Total Pay |
|---|---|---|---|---|---|---|---|---|---|---|
| Mon 12/19 | John Barboza | | In: 10:02AM  Out: 08:48PM | 9.00 | 11.73 | 11.73 | 9.84 | 3.73 | 0.00 | 0.00 | $76.78 |
| Tue 12/20 | | $14.50 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Wed 12/21 | | $14.50 | In: 09:48AM  Out: 09:10PM | 8.00 | 11.30 | 11.30 | 8.00 | 3.86 | 0.00 | 0.00 | $108.00 |
| Thu 12/22 | | $14.50 | In: 12:07PM  Out: 05:42PM | 7.00 | 5.67 | 5.67 | 5.67 | 0.00 | 0.00 | 0.00 | $82.22 |
| Fri 12/23 | | $14.50 | In: 10:56AM  Out: 05:45PM | 7.00 | 10.75 | 10.75 | 8.00 | 2.75 | 0.00 | 0.00 | $175.51 |
| Sat 12/24 | | $14.50 | In: 09:53AM  Out: 04:45PM | 3.50 | 6.87 | 6.87 | 6.87 | 0.00 | 0.00 | 0.00 | $99.62 |
| Sun 12/25 | | $14.50 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| TOTAL/Date | | | | 33.50 | 46.82 | 46.82 | 38.54 | 10.28 | 0.00 | 0.00 | $753.43 |

BURBANK LA COSTA

Dec 26 2016 - Jan 01 2017

$754.96

Overtime rules: 8 hrs daily, 40 hrs weekly (Monday start)

# EXHIBIT B

| Company Code | Loc/Dept | Number | Page | Earnings Statement |
|---|---|---|---|---|
| R77 OFA 22527209 | 01/LC | 861346 | 1 of 1 | |

BUSHFIRE GRILL INC
3433 Via Montebello unit 166
Carlsbad, CA 92009

Period Starting: 12/19/2016
Period Ending: 01/01/2017
Pay Date: 01/06/2017

Taxable Marital Status: Single
Exemptions/Allowances:        Tax Override:
Federal:    0            Federal:
State:      0            State:
Local:      0            Local:
Social Security Number:   XXX-XX-8941

Jairo Pacheco
1575 Oak Drive Apt# L-6
Vista, CA 92084

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 14.5000 | 94.15 | 1365.18 | 1365.18 |
| Cash tips | | 0.00 | 561.00 | 561.00 |
| **Gross Pay** | | | **$1,926.18** | **$1,926.18** |

| Statutory Deductions | this period | year to date |
|---|---|---|
| Federal Income | -295.54 | 295.54 |
| Social Security | -119.42 | 119.42 |
| Medicare | -27.93 | 27.93 |
| California State Income | -75.46 | 75.46 |
| California State DI | -17.34 | 17.34 |
| **Net Pay** | **$829.49** | |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Sick | | |
| - Carry Over | | 0.00 |
| - Accrued Hours | 0.00 | 24.00 |
| - Taken Hours | 0.00 | 0.00 |
| - Balance | | 24.00 |
| Total Hours Worked | 94.15 | 94.15 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX6160 | XXXXXXXXX | 829.49 |

Your federal taxable wages this period are $1,926.18

BUSHFIRE GRILL INC
3433 Via Montebello unit 166
Carlsbad, CA 92009

Pay Date:        01/06/2017

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX6160 | XXXXXXXXX | 829.49 |

THIS IS NOT A CHECK

Jairo Pacheco
1575 Oak Drive Apt# L-6
Vista, CA 92084

56

EXHIBIT C

homebase

BUSHFIRE LA COSTA

Overtime rules: 8 hrs daily, 40 hrs weekly (Monday start)

< 03/13/2017 - 03/19/2017 >   Weekly

Mar 13 2017 - Mar 19 2017

Total hours: 52.31

Estimated wages: $745.88

| Day | | | | Clock in/out | Reg | | | | | | | Total wages |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Mon 03/13 | Barbara | $12.75 | In: 09:00AM Out: 05:29PM | 8.00 | | | 8.15 | | | 0.15 | $162.21 |
| Tue 03/14 | | $12.75 | | 0.00 | | | 0.00 | | | 0.00 | $0.00 |
| Wed 03/15 | | $12.75 | In: 10:00AM Out: 08:30PM | 12.00 | | | 12.00 | | 2.00 | 0.50 | $149.25 |
| Thu 03/16 | | $12.75 | In: 09:32AM Out: 07:52PM | 12.00 | | | 5.33 | | | 0.00 | $273.96 |
| Fri 03/17 | | $12.75 | In: 09:00AM Out: 05:54PM | 14.00 | | | 11.73 | | 2.73 | 0.50 | $177.34 |
| Sat 03/18 | | $12.75 | | 0.00 | | | 0.00 | | | 0.00 | $0.00 |
| Sun 03/19 | | $12.75 | In: 07:50AM Out: 04:39PM | 10.00 | | | 7.93 | | 0.35 | 0.00 | $90.11 |
| TOTAL | | | | 52.00 | | | 52.31 | | 12.35 | 2.00 | $745.88 |

homebase

- Dashboard
- Schedule
- Timesheets
- Team
- Settings
- Help
- ENGLISH
- ESPAÑOL

03/20/2017 – 03/26/2017

Mar 20 2017 - Mar 26 2017

$801.53

54.91

Overtime rules: 8 hrs daily, 40 hrs weekly (Monday start)

| Date | First Name | Last Name | Wage Rate | Shift Times | Reg Hrs | Overtime | Double Overtime | Total Hrs | Break | Unpaid | Tips/Misc | Pay |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Mon 3/20 | | Platinum | $12.75 | | 8.00 | 12.50 | 1.12 | 11.62 | 0.00 | 1.12 | 0.28 | $171.23 |
| Tue 3/21 | | | $12.75 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Wed 3/22 | | | $12.75 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $0.00 |
| Thu 3/23 | | | $12.75 | In 10AM Out 9:45PM | 11.00 | 11.62 | 0.02 | 11.62 | 8.00 | 3.62 | 0.50 | $159.26 |
| Fri 3/24 | | | $12.75 | In 10:30AM Out 9:37PM | 11.00 | 11.04 | 2.05 | 11.04 | 8.00 | 6.04 | 0.03 | $296.05 |
| Sat 3/25 | | | $12.75 | In 9:50AM Out 10:47PM | 11.00 | 11.23 | 0.15 | 11.23 | 8.00 | 2.25 | 0.15 | $195.00 |
| Sun 3/26 | | | $12.75 | In 9:37AM Out 12:37PM | 8.00 | 2.03 | 1.00 | 2.03 | 7.00 | 0.50 | 1.00 | $96.25 |
| TOTAL/Sum | | | | | 52.00 | 14.03 | 2.51 | 54.91 | 39.00 | 15.91 | 2.11 | $205.53 |

58

# EXHIBIT D

| Company Code | Loc/Dept | Number | Page |
|---|---|---|---|
| R77OFA 22527209 | 01/LC | 1050845 | 1 of 1 |

BUSHFIRE GRILL INC
3433 Via Montebello unit 166
Carlsbad, CA 92009

## Earnings Statement



Period Starting     03/13/2017
Period Ending       03/26/2017
Pay Date:           03/31/2017

Taxable Marital Status:   Single
Exemptions/Allowances:          Tax Override:
    Federal:    0           Federal:
    State:      0           State:
    Local:      0           Local:
Social Security Number:   XXX-XX-8941

Jairo Pacheco
1575 Oak Drive Apt# L-6
Vista, CA 92084

| Earnings | rate | hours/units | this period | year to date |
|---|---|---|---|---|
| Regular | 12.7500 | 78.93 | 1006.36 | 8770.70 |
| Overtime | 19.1250 | 28.29 | 541.05 | 1685.11 |
| Cash tips | | 0.00 | 439.00 | 3032.00 |
| Gross Pay | | | $1,986.41 | $13,487.81 |

| Statutory Deductions | | this period | year to date |
|---|---|---|---|
| Federal Income | | -310.59 | 2069.89 |
| Social Security | | -123.15 | 836.24 |
| Medicare | | -28.80 | 195.57 |
| California State Income | | -80.76 | 528.63 |
| California State DI | | -17.88 | 121.39 |
| Net Pay | | $986.23 | |

| Other Benefits and Information | this period | year to date |
|---|---|---|
| Sick | | |
| - Carry Over | | 0.00 |
| - Accrued Hours | 0.00 | 24.00 |
| - Taken Hours | 0.00 | 0.00 |
| - Balance | | 24.00 |
| Total Hours Worked | 107.22 | 721.58 |

| Deposits account number | transit/ABA | amount |
|---|---|---|
| XXXXXX6160 | XXXXXXXXX | 986.23 |

Your federal taxable wages this period are  $1,986.41

BUSHFIRE GRILL INC
3433 Via Montebello unit 166
Carlsbad, CA 92009

Pay Date:          03/31/2017

| Deposited to the account | account number | transit/ABA | amount |
|---|---|---|---|
| Checking DirectDeposit | XXXXXX6160 | XXXXXXXXX | 986.23 |

THIS IS NOT A CHECK

Jairo Pacheco
1575 Oak Drive Apt# L-6
Vista, CA 92084





7016 0750 0000 4795 9840

LAW OFFICES
**MAYALL HURLEY**
A PROFESSIONAL CORPORATION
2453 GRAND CANAL BOULEVARD
SECOND FLOOR
STOCKTON, CALIFORNIA 95207-8253

Bushfire Grill, Inc.
3433 Via Montebello, Unit 166
Carlsbad, CA 92009

60

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Bushfire Grill, Inc.
   3433 Via Montebello, Unit 166
   Carlsbad, CA 92009

9590 9402 2939 7094 5020 26

2. Article Number (Transfer from service label)
   7016 0750 0000 4795 9840

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☐ Return Receipt for Merchandise
☐ Collect on Delivery                ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation Restricted Delivery
   Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt



7016 0750 0000 4795 9857

LAW OFFICES
MAYALL HURLEY
A PROFESSIONAL CORPORATION
2453 GRAND CANAL BOULEVARD
SECOND FLOOR
STOCKTON, CALIFORNIA 95207-8253

Bushfire Grill, Inc.
31556 Loma Linda Street
Temecula, CA 95259

62

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

BushIire Grill, Inc.
31556 Loma Linda Street
Temecula, CA 95259

9590 9402 2939 7094 5019 82

2. Article Number (Transfer from service label)

7016 0750 0000 4795 9857

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

icted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

LAW OFFICES
MAYALL HURLEY
A PROFESSIONAL CORPORATION
2453 GRAND CANAL BOULEVARD
SECOND FLOOR
STOCKTON, CALIFORNIA 95207-8253

7016 3010 0000 6031 2020

Bushfire Grill, Inc.
40665 Winchester St. # B1
Temecula, CA 92591

64

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bushfire Grill, Inc.
40665 Winchester St. # B1
Temecula, CA 92591

9590 9402 2939 7094 5019 99

2. Article Number *(Transfer from service label)*

7016 3010 0000 6031 2820

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053      Domestic Return Receipt

65

LAW OFFICES
**MAYALL, HURLEY**
A PROFESSIONAL CORPORATION
2453 GRAND CANAL BOULEVARD
SECOND FLOOR
STOCKTON, CALIFORNIA 95207-8253

7016 3010 0000 6031 2813

Bushfire Grill, Inc.
Incorp Services, Inc.    Agent for Service
c/o Steven Pickett5716 Corsa Ave, Suite 110
Westlake Village, CA 91362-7354

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bushfire Grill, Inc.
Incorp Services, Inc. – Agent for Service
c/o Steven Pickett 5716 Corsa Ave. Suite 110
Westlake Village, CA 91362-7354

9590 9402 2939 7094 5020 02

2. Article Number (Transfer from service label)

7016 3010 0000 6031 2813

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery
☐ restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

67

LAW OFFICES
MAYALL, HURLEY
A PROFESSIONAL CORPORATION
2453 GRAND CANAL BOULEVARD
SECOND FLOOR
STOCKTON, CALIFORNIA 95207-8253

Bushfire Grill, Inc.
2602 Del Mar Heights Rd. # 102
Del Mar, CA 92014



7016 0750 0000 4795 9833

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bushfire Grill, Inc.
2602 Del Mar Heights Rd. # 102
Del Mar, CA 92014

9590 9402 2939 7094 5020 19

2. Article Number *(Transfer from service label)*

7016 0750 0000 4795 9833

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                Domestic Return Receipt

69

EXHIBIT B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JENNY D. BAYSINGER (SBN 251014)<br>MAYALL HURLEY, APC<br>2453 Grand Canal Blvd.<br>Stockton, CA 95207 | |

TELEPHONE NO.: 209-477-3833        FAX NO. *(Optional):* 209-473-4818
E-MAIL ADDRESS *(Optional):* jbaysinger@mayallaw.com
ATTORNEY FOR *(Name):* JAIRO PACHECO

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 325 S. MELROSE DRIVE
MAILING ADDRESS: 325 S. MELROSE DRIVE
CITY AND ZIP CODE: VISTA, 92081
BRANCH NAME:

PLAINTIFF/PETITIONER: JARIO PACHECO

DEFENDANT/RESPONDENT: BUSHFIRE GRILL, INC.; et al.

| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>37-2018-00026263-CU-OE-NC |
|---|---|

TO *(insert name of party being served):* BUSHFIRE GRILL, INC., a California corporation

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: 6-7-18

_____
Denise Smith
(TYPE OR PRINT NAME)

▶ *[signature]*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other *(specify):*

   Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, Notice of Eligibility to eFile and Assignment to Imaging Department, and ADR Packet

*(To be completed by recipient):*

Date this form is signed: 6/27/18

Christopher Conti
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *[signature]*
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

Exhibit B
70

**PROOF OF SERVICE**
**(CCP § 1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On June 27, 2018, I served the following document(s) **NOTICE AND ACKNOWLEDGMENT OF RECEIPT (BUSHFIRE GRILL, INC.)** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

MAYALL HURLEY, P.C.
William J. Gorham, (SBN 151773)
Nicholas J. Scardigli (SBN 249947)
Robert J. Wasserman (SBN 258538)
Jenny D. Baysinger (SBN 251014)
2453 Grand Canal Boulevard
Stockton, CA 95207-8253

Email: wgorham@mayallaw.com;
nscardigli@ mayallaw.com;
rwasserman@mayallaw.com;
jbaysinger@mayallaw.com
Telephone: (209) 477-3833
Fax: (209) 477-4818
*Attorneys for Plaintiff*

☒    **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed June 27, 2018, at San Diego, California.

Lynn Wheat
_____
Print Name

By: _____
Signature

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JENNY D. BAYSINGER (SBN 251014)<br>MAYALL HURLEY, APC<br>2453 Grand Canal Blvd.<br>Stockton, CA 95207 | |

TELEPHONE NO.: 209-477-3833    FAX NO. *(Optional):* 209-473-4818
E-MAIL ADDRESS *(Optional):* jbaysinger@mayallaw.com
ATTORNEY FOR *(Name):* JAIRO PACHECO

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 S. MELROSE DRIVE
MAILING ADDRESS: 325 S. MELROSE DRIVE
CITY AND ZIP CODE: VISTA, 92081
BRANCH NAME:

PLAINTIFF/PETITIONER: JARIO PACHECO

DEFENDANT/RESPONDENT: BUSHFIRE GRILL, INC.; et al.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>37-2018-00026263-CU-OE-NC |
|---|---|

TO *(insert name of party being served):* BUSHFIRE BEACHSIDE, INC., a California corporation

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 6-7-18

Denise Smith
(TYPE OR PRINT NAME)                                   (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X]  A copy of the summons and of the complaint.
2. [X]  Other *(specify):*
   Civil Case Cover Sheet, Notice of Case Assignment and Case Management Conference, Notice of Eligibility to eFile and Assignment to Imaging Department, and ADR Packet

*(To be completed by recipient):*

Date this form is signed: 6/27/18

Christopher Conti
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,       (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | Page 1 of 1 |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

Exhibit B
72

**PROOF OF SERVICE**
**(CCP § 1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Diego with the law offices of Fisher & Phillips LLP and its business address is 4747 Executive Drive, Suite 1000, San Diego, California 92121.

On June 27, 2018, I served the following document(s) **NOTICE AND ACKNOWLEDGMENT OF RECEIPT (BUSHFIRE BEACHSIDE, INC.)** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

MAYALL HURLEY, P.C.
William J. Gorham, (SBN 151773)
Nicholas J. Scardigli (SBN 249947)
Robert J. Wasserman (SBN 258538)
Jenny D. Baysinger (SBN 251014)
2453 Grand Canal Boulevard
Stockton, CA 95207-8253

Email: wgorham@mayallaw.com;
nscardigli@ mayallaw.com;
rwasserman@mayallaw.com;
jbaysinger@mayallaw.com
Telephone: (209) 477-3833
Fax: (209) 477-4818
*Attorneys for Plaintiff*

☒ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed June 27, 2018, at San Diego, California.

Lynn Wheat
Print Name

By: _____
Signature

1
C:\NRPortbl\FPDOCS\LWHEAT\34161584_1.docx
FPDOCS 34161584.1

EXHIBIT C

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:   325 S Melrose DRIVE
MAILING ADDRESS:   325 S Melrose DRIVE
CITY AND ZIP CODE:   Vista, CA 92081-6695
BRANCH NAME:   North County
TELEPHONE NUMBER:   (760) 201-8029

PLAINTIFF(S) / PETITIONER(S):   Jairo Pacheco

DEFENDANT(S) / RESPONDENT(S):   Bushfire Grill, Inc. et.al.

PACHECO VS. BUSHFIRE GRILL INC [IMAGED]

| NOTICE OF CASE ASSIGNMENT and CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br>37-2018-00026263-CU-OE-NC |
|---|---|

**CASE ASSIGNMENT**

Judge:  Ronald F. Frazier                                      Department: N-29

**COMPLAINT/PETITION FILED:** 05/24/2018

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 11/02/2018 | 09:30 am | N-29 | Ronald F. Frazier |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

Exhibit C
74

Jennifer N. Lutz, Esq., SBN 190460
Erik T. Johnson, Esq., SBN 279940
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
11622 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 755-8500
Facsimile: (858) 755-8504
E-mail: jlutz@pettitkohn.com
      ejohnson@pettitkohn.com

Attorneys for Defendants
**BUSHFIRE GRILL, INC. and**
**BUSHFIRE BEACHSIDE, INC.**

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**07/24/2018** at 03:02:00 PM
Clerk of the Superior Court
By Veronica Navarro, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO – NORTH COUNTY DIVISION

| | |
|---|---|
| JAIRO PACHECO, individually and on behalf of other similarly situated current and former employees,<br><br>           Plaintiff,<br><br>v.<br><br>BUSHFIRE GRILL, INC., a California corporation; BUSHFIRE BEACHSIDE, INC., a California corporation; and DOES 1-100, inclusive,<br><br>           Defendants. | CASE NO.: 37-2018-00026263-CU-OE-NC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**[IMAGED FILE]**<br><br>Dept.: N-29<br>Judge: Hon. Ronald F. Frazier<br>Filed: May 24, 2018<br>Trial: Not set |

      COMES NOW, Defendants Bushfire Grill, Inc. and Bushfire Beachside, Inc.

("Defendants"), and through their attorneys, Pettit Kohn Ingrassia Lutz & Dolin PC answer

Plaintiff Jairo Pacheco's ("Plaintiff") Complaint ("the Complaint") by generally denying each and

every allegation contained therein.

### GENERAL DENIAL

      Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

Defendants deny, generally and specifically, each, every and all of the allegations of the

Complaint as a whole, and further generally and specifically deny that Plaintiff has sustained any

1

267-2001

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit C
75

1   loss, injury, or damage as a proximate result of any act, breach, or omission on the part of

2   Defendants.

3   **AFFIRMATIVE DEFENSES**

4   Defendants assert the following affirmative defenses to the allegations in Plaintiff's

5   Complaint.

6   **FIRST AFFIRMATIVE DEFENSE**

7   **(Failure to State Cause of Action)**

8   As a separate affirmative defense, Defendants allege that the Complaint, and each and

9   every cause of action or purported cause of action contained therein, fails to state facts sufficient

10  to constitute a cause of action against Defendants.

11  **SECOND AFFIRMATIVE DEFENSE**

12  **(Statutes of Limitation)**

13  As a separate affirmative defense, Defendants allege that some or all of the causes of

14  action stated in the Complaint are barred by all applicable statutes of limitation, including but not

15  limited to, Code of Civil Procedure sections 338, 340, 343, and Business and Professions Code

16  section 17208.

17  **THIRD AFFIRMATIVE DEFENSE**

18  **(Lack Standing)**

19  As a separate affirmative defense, Defendants allege that Plaintiff lacks standing to bring

20  his causes of action.

21  **FOURTH AFFIRMATIVE DEFENSE**

22  **(Overtime Compensation Paid)**

23  As a separate affirmative defense, Defendants allege that Plaintiff, and/or all other

24  similarly situated individuals that Plaintiff seeks to represent, were appropriately paid for the

25  overtime hours, if any, that they worked in excess of eight hours per day and/or 40 hours per

26  workweek.

27  ///

28  ///

267-2001

2

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit C
76

### FIFTH AFFIRMATIVE DEFENSE

**(No Overtime Accrued)**

As a separate affirmative defense, Defendants allege that Plaintiff, and/or all other similarly situated individuals that Plaintiff seeks to represent, did not work in excess of eight hours per day and/or 40 hours per workweek.

### SIXTH AFFIRMATIVE DEFENSE

**(Proper Wage Statements)**

As a separate affirmative defense, during all relevant times, Defendants properly provided all wage statements to Plaintiff, and/or all members of the putative class, pursuant to Labor Code section 226(a).

### SEVENTH AFFIRMATIVE DEFENSE

**(No Knowing or Intentional Failure to Provide Proper Wage Statements)**

As a separate affirmative defense, during all relevant times, Defendants did not knowingly or intentionally fail to provide proper wage statements pursuant to Labor Code section 226(a).

### EIGHTH AFFIRMATIVE DEFENSE

**(Receipt of All Compensation Due)**

As a separate affirmative defense, without admitting to the facts alleged, Defendants allege that Plaintiff's Complaint and every cause of action therein is barred in whole or in part because Plaintiff, and/or all other similarly situated individuals that Plaintiff seeks to represent, have received all income, compensation, overtime, and salary to which they have ever been entitled.

### NINTH AFFIRMATIVE DEFENSE

**(Failure to Pay Wages Not Willful)**

As a separate affirmative defense, without admitting the facts alleged, Defendants allege that to the extent that any wages were not paid to Plaintiff, and/or any other members of the putative class, Defendants' failure to pay was not willful.

///

///

Exhibit C

77

### TENTH AFFIRMATIVE DEFENSE

#### (Conduct Not Unlawful, Unfair or Fraudulent)

As a separate affirmative defense, Defendants allege that Plaintiff's Complaint is barred because any failure of Defendants was not unlawful, unfair or fraudulent.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (No Injury From an Unfair Business Practice)

As a separate affirmative defense, Defendants allege that Plaintiff's cause of action under Business and Professions Code section 17200 is barred because Plaintiff, and/or members of the putative class, has not suffered any injury-in-fact in the unfair competition context.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Practice Was Not Unfair Pursuant To Business & Profession Code Section 17200)

As a separate affirmative defense, Defendants allege that the business practices alleged in the Complaint are not unfair within the meaning of Business and Professions Code section 17200 in that the practices, if any, were justified because they were made in a good faith effort to protect Defendants' legitimate business interests.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

As a separate affirmative defense, Defendants allege that Plaintiff failed to mitigate his damages, if any, in connection with the matters referred to in the Complaint, and that such failure to mitigate bars and/or diminishes Plaintiff's recovery, if any, against Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Class Certification Is Inappropriate)

As a separate affirmative defense, Defendants assert that certification of a class in this action is inappropriate because: (1) Plaintiff's claims are not typical of the members of the putative class; (2) Plaintiff will not fairly and adequately protect the interests of the members of the putative class; (3) Plaintiff maintains interests that conflict with those of the members of the putative class; (4) commonality does not exist with respect to questions of law and/or fact associated with the members of the putative class; (5) a class action is not superior to other

4

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit C
78

1   available methods for the fair and efficient adjudication of this controversy; and/or judicial
2   economy will not be served by the maintenance of this lawsuit as a class action.

3                           **FIFTEENTH AFFIRMATIVE DEFENSE**

4                           **(Superior Administrative Remedy)**

5          As a separate affirmative defense, Defendants assert that class certification is not
6   appropriate because a far speedier administrative remedy before the California State Labor
7   Commissioner is available to Plaintiff and each alleged putative class member, and thus, class
8   treatment is not the superior method for resolving the alleged claims set forth herein.

9                           **SIXTEENTH AFFIRMATIVE DEFENSE**

10                          **(Failure to Exhaust Administrative Remedies)**

11         As a separate affirmative defense, Plaintiff's Complaint, and each cause of action therein,
12  and any relief sought therein, is barred in whole or in part because Plaintiff failed to exhaust his
13  administrative remedies under California Labor Code sections 98 through 98.2, 558, 2698, et seq.,
14  and section 2699.3, before commencing this lawsuit.

15                          **SEVENTEENTH AFFIRMATIVE DEFENSE**

16                          **(Consent)**

17         As a separate affirmative defense, Defendants allege that Plaintiff's Complaint and each
18  alleged cause of action is barred in whole or in part by the doctrine of consent.

19                          **EIGHTEENTH AFFIRMATIVE DEFENSE**

20                          **(Laches)**

21         As a separate affirmative defense, Defendants allege that all causes of action contained in
22  the Complaint are barred by the doctrine of laches, in that Plaintiff has unreasonably delayed in
23  bringing these claims, and said delays have prejudiced Defendants.

24  ///
25  ///
26  ///
27  ///
28  ///

267-2001

5

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit C
79

## NINETEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate affirmative defense, Defendants allege that Plaintiff by his own acts, omissions, and/or representations is estopped from recovering at all against Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Waiver)

As a separate affirmative defense, Defendants allege that Plaintiff by his own acts, omissions, and/or representations has waived the right, if any, to recover against Defendants.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate affirmative defense, Defendants allege that by reason of their conduct, Plaintiff is barred by the doctrine of unclean hands from taking any relief sought in the Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Good Faith)

As a separate affirmative defense, Defendants and their agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they acted. Plaintiff's Complaint is barred and all alleged causes of action therein are barred by the reasonable and good faith conduct of Defendants. Defendants had an honest, reasonable, and good faith belief on the facts upon which it based its acts and conduct, and such acts and/or conduct was not willful.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Rest Breaks Made Available)

As a separate affirmative defense, during all relevant times, Defendants made available to Plaintiff all rest breaks to which he was entitled. Plaintiff's failure or refusal to utilize these benefits does not confer liability upon Defendants.

///

///

267-2001

6

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit C
80

1

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

#### (Meal Periods Made Available)

3    As a separate affirmative defense, during all relevant times, Defendants made available to

4  Plaintiff all meal breaks to which he entitled.  Plaintiff's failure or refusal to utilize these benefits

5  does not confer liability upon Defendants.

6

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

7

#### (Penalties Not Available)

8    As a separate affirmative defense, Plaintiff is not an "aggrieved party," as defined by

9  Labor Code Section 2699, with regard to the alleged violations of Labor Code Sections 201, 202,

10  or 203.  Therefore, Plaintiff cannot recover penalties for violations of Labor Code Sections 201,

11  202, or 203, pursuant to Labor Code Section 2698, *et seq.*

12

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

13

#### (Additional Defenses)

14    As a separate affirmative defense, Defendants allege that they may have additional

15  defenses that cannot be articulated due to Plaintiff's failure to particularize his claims, due to the

16  fact that Defendants do not have copies of certain documents bearing on Plaintiff's alleged

17  contractual claims and due to Plaintiff's failure to provide more specific information concerning

18  the nature of the damage claims and claims for certain costs which Plaintiff alleges that

19  Defendants may share some responsibility.  Defendants therefore reserve the right to assert

20  additional defenses upon further particularization of Plaintiff's claims, upon examination of the

21  documents provided, upon discovery of further information concerning the alleged damage

22  claims and claims for costs and upon the development of other pertinent information.

23

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

24

#### (Reserves Right to Amend Answer)

25    As a separate affirmative defense, Defendants reserve the right to amend their answer

26  herein, including the addition of affirmative defenses after pleading and discovery in preparation

27  for trial.

28  ///

267-2001

7

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit C
81

**PRAYER**

WHEREFORE, Defendants pray for judgment against the Plaintiff as follows:

1.    That Plaintiff takes nothing by way of his action;

2.    That Defendants be awarded costs of suit incurred herein; and

3.    For such other and further relief as the court deems just and proper.



PETTIT KOHN INGRASSIA LUTZ & DOLIN PC

Dated:  July 24, 2018                    By:

Jennifer N. Lutz, Esq.
Erik T. Johnson, Esq.
Attorneys for Defendants
**BUSHFIRE GRILL, INC. and
BUSHFIRE BEACHSIDE, INC.**

267-2001

8

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit C
82

1

**PROOF OF SERVICE**
*Jairo Pacheco v. Bushfire Grill, Inc., et al.*

2

**San Diego Superior Court Case No. 37-2018-00026263-CU-OE-NC**

3

I, the undersigned, declare that:

4

I am and was at the time of service of the papers herein, over the age of eighteen (18)
years and am not a party to the action. I am employed in the County of San Diego, California,

5

and my business address is 11622 El Camino Real, Suite 300, San Diego, California 92130.

6

On **July 24, 2018**, I caused to be served the following documents:

7

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

8

[ ]   **BY FACSIMILE TRANSMISSION (Code Civ. Proc. §§ 1013(e)-(f)):** From fax

9

number (858) 755-8504 to the fax numbers listed below. The facsimile machine I used
complied with Cal. Rules of Court, rule 2.306 and no error was reported by the machine.

10

I caused the machine to print a transmission record, a copy of which will be maintained
with the document(s) in our office.

11

[X]   **BY MAIL:** By placing a copy thereof for delivery in a separate envelope addressed to

12

each addressee, respectively, as follows:

13

[X]   **BY FIRST-CLASS MAIL (Code Civ. Proc. §§ 1013(a)-(b))**
[ ]   **BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c)-(d))**

14

[ ]   **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED (Code Civ.
Proc. §§ 1013(a)-(b))**

15

[ ]   **BY ELECTRONIC DELIVERY (Code Civ. Proc. § 1010.6 and Cal. Rules of Court,**

16

**rule 2.251):** Based on an agreement between the parties to accept service by e-mail or
electronic transmission, I caused such document(s) to be electronically served to those

17

parties listed below from e-mail address kwood@pettitkohn.com. The file transmission
was reported as complete and a copy of the Service Receipt will be maintained with the

18

original document(s) in our office.

19

[ ]   **BY ELECTRONIC SERVICE (California Rule of Court 2.251):** By submitting an

20

electronic version of the document(s) via file transfer protocol (FTP) to OneLegal Online
Court Services through the upload feature at www.onelegal.com.

21

William J. Gorham, Esq.
Nicholas J. Scardigli, Esq.

22

Robert J. Wasserman, Esq.
Jenny D. Baysinger, Esq.

23

**MAYALL HURLEY P.C.**
2453 Grand Canal Blvd.

24

Stockton, CA 95207-8253
Tel:    (209) 477-3833

25

Fax:   (209) 477-4818
Email:  wgorham@mayallaw.com

26

nscardigli@mayallaw.com
rwasserman@mayallaw.com

27

jbaysinger@mayallaw.com

**Attorneys for Plaintiff**

28

**JAIRO PACHECO**

267-2001

9

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit C
83

1       I am readily familiar with the firm's practice of collection and processing correspondence
for mailing.  Under that practice, it would be deposited with the United States Postal Service on

2   that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course
of business.  I am aware that service is presumed invalid if postal cancellation date or postage

3   meter date is more than one day after the date of deposit for mailing in affidavit.

4       I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.  Executed on **July 24, 2018**, at San Diego, California.

5

6

7   Sandra K. Lemoine

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

267-2001

10

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit C
84

# EXHIBIT D

1  Jennifer N. Lutz, Esq., Bar No. 190460
   Erik T. Johnson, Esq., Bar No. 279940
2  **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
   11622 El Camino Real, Suite 300
3  San Diego, CA 92130
   Telephone:  (858) 755-8500
4  Facsimile:  (858) 755-8504
   E-mail:  jlutz@pettitkohn.com
5          ejohnson@pettitkohn.com

6  Attorneys for Defendants
   **BUSHFIRE GRILL, INC. and**
7  **BUSHFIRE BEACHSIDE, INC.**

8

                    **UNITED STATES DISTRICT COURT**

9

                  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  JAIRO PACHECO, individually and          CASE NO.:
    on behalf of other similarly situated
12  current and former employees,            **CERTIFICATE OF SERVICE OF**
                                             **NOTICE TO ADVERSE PARTY OF**
13                    Plaintiff,             **REMOVAL TO FEDERAL COURT**

14  v.

15  BUSHFIRE GRILL, INC., a                  Courtroom:
    California corporation; BUSHFIRE         District Judge:
16  BEACHSIDE, INC., a California            Magistrate Judge:
    corporation; and DOES 1-100,            Complaint Filed: May 24, 2018
17  inclusive,                               Trial Date:

18                    Defendants.

19

20       I, Sandra K. Lemoine, certify and declare as follows:

21       I am over the age of 18 years and not a party to this action.

22       My business address is 11622 El Camino Real, Suite 300, San Diego, CA

23  92130 which is located in the city, county and state where the mailing described

24  below took place.

25  ///

26  ///

27  ///

28  ///

2354-2472
                                      1
          CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY
                    CASE NO.: _____

1    On July 25, 2018, I deposited in the United States Mail at San Diego,

2    California, a copy of the Notice to Adverse Party of Removal to Federal Court dated

3    July 25, 2018, a copy of which is attached to this Certificate.

4    I declare under penalty of perjury that the foregoing is true and correct.

5    Executed on **July 25, 2018**, at San Diego, California.

6

7

8    Sandra K. Lemoine

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2354-2472

2
CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY
CASE NO.: _____



1  Jennifer N. Lutz, Esq., Bar No. 190460
   Erik T. Johnson, Esq., Bar No. 279940
2  **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
   11622 El Camino Real, Suite 300
3  San Diego, CA 92130
   Telephone: (858) 755-8500
4  Facsimile: (858) 755-8504
   E-mail: jlutz@pettitkohn.com
5         ejohnson@pettitkohn.com

6  Attorneys for Defendants
   **BUSHFIRE GRILL, INC. and**
7  **BUSHFIRE BEACHSIDE, INC.**

8
                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
              **FOR THE COUNTY OF SAN DIEGO – NORTH COUNTY DIVISION**
10

11  JAIRO PACHECO, individually and on         CASE NO.:  37-2018-00026263
    behalf of other similarly situated current and
12  former employees,
                                                **NOTICE TO ADVERSE PARTY OF**
13                          Plaintiff,          **REMOVAL OF ACTION TO FEDERAL**
                                                **COURT**
14  v.

15  BUSHFIRE GRILL, INC., a California          **[IMAGED FILE]**
    corporation; BUSHFIRE BEACHSIDE,
16  INC., a California corporation; and DOES    Dept.:  N-29
    1-100, inclusive,                           Judge:  Hon. Ronald F. Frazier
17                                              Filed:  May 24, 2018
                            Defendants.         Trial:  Not set
18

19

20

21

22

23

24

25

26  ///

27  ///

28  ///

267-2001                                1
              NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

1   TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

2       PLEASE TAKE NOTICE that on July 25, 2018, Defendants Bushfire Grill, Inc. and

3   Bushfire Beachside, Inc. filed the Notice of Removal of Action pursuant to 28 U.S.C. §§ 1331,

4   1441, and 1446 with the United States District Court for the Southern District of California.  A

5   true and correct copy of said notice is attached hereto as Exhibit A.

6                                      PETTIT KOHN INGRASSIA LUTZ & DOLIN PC

7

8   Dated:  July 25, 2018              By:   _____

9                                            Jennifer N. Lutz, Esq.
                                             Erik T. Johnson, Esq.
10                                           Attorneys for Defendants
                                             **BUSHFIRE GRILL, INC. and**
11                                           **BUSHFIRE BEACHSIDE, INC.**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

267-2001

2

NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

## PROOF OF SERVICE
*Jairo Pacheco v. Bushfire Grill, Inc., et al.*
**San Diego Superior Court Case No. 37-2018-00026263-CU-OE-NC**

I, the undersigned, declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action.  I am employed in the County of San Diego, California, and my business address is 11622 El Camino Real, Suite 300, San Diego, California 92130.

On **July 25, 2018**, I caused to be served the following documents:

**NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT**

[ ]     **BY FACSIMILE TRANSMISSION (Code Civ. Proc. §§ 1013(e)-(f)):**  From fax number (858) 755-8504 to the fax numbers listed below.  The facsimile machine I used complied with Cal. Rules of Court, rule 2.306 and no error was reported by the machine.  I caused the machine to print a transmission record, a copy of which will be maintained with the document(s) in our office.

[X]     **BY MAIL:**  By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

    [X]     **BY FIRST-CLASS MAIL (Code Civ. Proc. §§ 1013(a)-(b))**
    [ ]     **BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c)-(d))**
    [ ]     **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED (Code Civ. Proc. §§ 1013(a)-(b))**

[ ]     **BY ELECTRONIC DELIVERY (Code Civ. Proc. § 1010.6 and Cal. Rules of Court, rule 2.251):**  Based on an agreement between the parties to accept service by e-mail or electronic transmission, I caused such document(s) to be electronically served to those parties listed below from e-mail address kwood@pettitkohn.com.  The file transmission was reported as complete and a copy of the Service Receipt will be maintained with the original document(s) in our office.

[ ]     **BY ELECTRONIC SERVICE (California Rule of Court 2.251):**  By submitting an electronic version of the document(s) via file transfer protocol (FTP) to OneLegal Online Court Services through the upload feature at www.onelegal.com.

William J. Gorham, Esq.
Nicholas J. Scardigli, Esq.
Robert J. Wasserman, Esq.
Jenny D. Baysinger, Esq.
**MAYALL HURLEY P.C.**
2453 Grand Canal Blvd.
Stockton, CA 95207-8253
Tel:     (209) 477-3833
Fax:     (209) 477-4818
Email: wgorham@mayallaw.com
       nscardigli@mayallaw.com
       rwasserman@mayallaw.com
       jbaysinger@mayallaw.com
**Attorneys for Plaintiff**
**JAIRO PACHECO**

3

NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

1

2        I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at San Diego, California, in the ordinary course

3    of business.  I am aware that service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

4

5        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **July 25, 2018**, at San Diego, California.

6

7                        Sandra K. Lemoine

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

267-2001

4

NOTICE TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

Exhibit D
90

EXHIBIT A

1    Jennifer N. Lutz, Esq., Bar No. 190460
     Erik T. Johnson, Esq., Bar No. 279940
2    **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
     11622 El Camino Real, Suite 300
3    San Diego, CA 92130
     Telephone:  (858) 755-8500
4    Facsimile:  (858) 755-8504
     E-mail:  jlutz@pettitkohn.com
5             ejohnson@pettitkohn.com

6    Attorneys for Defendants
     **BUSHFIRE GRILL, INC. and**
7    **BUSHFIRE BEACHSIDE, INC.**

8                    **UNITED STATES DISTRICT COURT**

9                   **SOUTHERN DISTRICT OF CALIFORNIA**

10   JAIRO PACHECO, individually and          CASE NO.:
     on behalf of other similarly situated
11   current and former employees,
                                              **NOTICE OF REMOVAL OF**
12                    Plaintiff,              **ACTION; UNDER 28 U.S.C. §§ 1331,**
                                              **1441, AND 1446**
13   v.                                       **(FEDERAL QUESTION)**

14   BUSHFIRE GRILL, INC., a
15   California corporation; BUSHFIRE         Courtroom:
     BEACHSIDE, INC., a California            District Judge:
16   corporation; and DOES 1-100,            Magistrate Judge:
     inclusive,                               Complaint Filed: May 24, 2018
17                                            Trial Date:
                      Defendants.
18

19

20       **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

21       **PLEASE TAKE NOTICE THAT** Defendants Bushfire Grill, Inc. and

22   Bushfire Beachside, Inc. (collectively, "Defendants") through their undersigned

23   counsel, hereby remove the above-captioned action from the Superior Court of the

24   State of California in and for the County of San Diego to this Court pursuant to 28

25   U.S.C. §§ 1331, 1441, and 1446.

26   ///

27   ///

28   ///

2354-2472                                    1
                                    NOTICE OF REMOVAL OF ACTION
                                    CASE NO.: _____

**A.     BACKGROUND OF THE REMOVED ACTION**

1.      This lawsuit arises out of Plaintiff's employment.  On or about May 24, 2018, Plaintiff Jairo Pacheco ("Plaintiff") filed a class action complaint for damages and civil penalties against Defendants in the Superior Court of the State of California, County of San Diego, entitled *Jairo Pacheco, et al. v. Bushfire Grill, Inc. et al.*, and DOES 1-100, inclusive; San Diego Superior Court Case No. 37-2018-00026263-CU-OE-NC ("Complaint").

2.      Plaintiff's Complaint alleges the following: (1) Failure to Provide Meal Periods and Premium Payments (Cal. Lab. Code §§ 512; 226.7); (2) Failure to Provide Rest Periods and Premium Payments (Cal. Lab. Code § 226.7); (3) Failure to Furnish Accurate Wage Statements (Cal. Lab. Code § 226(a)); (4) Failure to Pay Wages Due and Owing at Separation (Cal. Lab. Code § 201-203); (5) Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, et. seq.); (6) Failure to Pay Overtime Wages (Cal. Lab. Code §§ 510; 1194; FLSA); and (7) Violation of the Private Attorneys' General Act of 2004 (Cal. Lab. Code §§ 2698, et. seq.).

3.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, and Civil Cover Sheet are attached to this notice as Exhibit A to the Declaration of Erik T. Johnson ("Johnson Decl."), ¶ 3.  The allegations of the Complaint are incorporated by reference in this Notice of Removal without admission or agreement to the truth of any of them.

4.      On June 27, 2018, Defendants' former counsel at the law firm of Fisher & Phillips LLP accepted service of the Complaint on behalf of both Defendants via a Notice of Acknowledgement and Receipt.  Thus, Plaintiff effectuated service of the Complaint on both Defendants on June 27, 2018.  See Cal. Civ. Proc. Code § 415.30. True and correct copies of the signed Notice and Acknowledgment of Receipt are attached to this notice as Exhibit B to the Johnson Decl., ¶ 4.

5.      Defendants filed this Notice of Removal within thirty (30) days of that service, as required under the law.  <u>Murphy Bros. v. Michetti Pipe Stringing, Inc.</u>,

2354-2472

2

NOTICE OF REMOVAL OF ACTION
CASE NO.: _____

1  526 U.S. 344, 347-48 (1999) (holding that the thirty-day window for removal to

2  federal court under 28 U.S.C. § 1446(b) is triggered by simultaneous service of the

3  summons and complaint, not by mere receipt of the complaint unattended by any

4  formal service); see Iv Solutions, Inc. v. United Healthcare Servs., CV 12-04887

5  GAF (MRWx), 2012 U.S. Dist. LEXIS 195953, at *9-12 (C.D. Cal. Aug. 27, 2012)

6  (holding that removal under 28 U.S.C. 1446(b) was timely when filed within 30 days

7  after service of the summons had been effectuated pursuant to California Code of

8  Civil Procedure section 415.30); Lerma v. URS Fed. Support Servs., No. 1:11-cv-

9  00536-LJO-MJS, 2011 U.S. Dist. LEXIS 66451, at *10-14 (E.D. Cal. June 22, 2011)

10  (same).  Therefore, removal of this action is brought timely pursuant to 28 U.S.C.

11  § 1446(b).

12      6.      Defendants answered the Complaint in San Diego Superior Court prior

13  to removal.  A Case Management Conference is currently set for November 02, 2018

14  at 9:30 a.m. in Department N-29 of the San Diego Superior Court.  Attached as

15  Exhibit C to paragraph 5 the Johnson Declaration is a true and correct copy of

16  Defendants' answer and the Notice of Case Management Conference.  Defendants

17  have also concurrently lodged with this Court a true and correct copy of all process,

18  pleadings, and orders served on Defendants.

19  **B.     VENUE**

20      7.      Venue is proper under 28 U.S.C. § 1441(a) because this Court is the

21  United States District Court for the district and division embracing the place where

22  the state court case was pending.  Therefore, venue lies in the Southern District of

23  this Court pursuant to 28 U.S.C. §§ 84(d), 1441, and 1446(a).

24  **C.     BASIS FOR FEDERAL QUESTION JURISDICTION**

25      8.      This Court has original jurisdiction over this action under 28 U.S.C.

26  § 1331, and is one which may be removed to this Court pursuant to the provisions of

27  28 U.S.C. § 1441(a).  This is because Plaintiff has asserted claims and seeks remedies

28  under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 et. seq.  See 28 U.S.C.

2354-2472

3

NOTICE OF REMOVAL OF ACTION
CASE NO.: _____

1   §§ 1331, 1441(a) and (c); 29 U.S.C. § 216(b).

2        9.     Specifically, Plaintiff alleges that Defendants "failed to provide

3   [Plaintiff] with payments of 1.5 times the amount of his regular rate of pay for all

4   hours worked in excess of forty (40) hours per week, in direct violation of the FLSA."

5   Johnson Decl., ¶ 2, Ex. A, Complaint, ¶ 107.   Further, Plaintiff alleges that

6   "Defendants' failure to properly compensate him for overtime work performed for

7   its benefit was willful pursuant to 29 U.S.C. § 255(a).   In particular, Defendants were

8   specifically aware of the FLSA statutes and regulations governing overtime

9   compensation and were specifically aware that [Plaintiff] was subject to the

10   FLSA . . . [Plaintiff] is further informed and believes, and based thereon alleges, that

11   Defendants' failure to properly pay him overtime was willful and was not the result

12   of a good faith attempt to comply with the FLSA." Id. at ¶¶ 108-109.   Accordingly,

13   from the face of the Complaint it is evident that Plaintiff is asserting that Defendants

14   violated a federal law (the FLSA).

15        10.    Pursuant to 29 U.S.C. § 216(b) a claim for a violation of FLSA or a

16   request for remedies under the FLSA can be asserted in either state or federal court.

17   However, as explained by the United States Supreme Court in Breuer v. Jim's

18   Concrete of Brevard, Inc., 538 U.S. 691, 693 (2003), if the action is brought in state

19   court the employer has the right to remove to federal court on the grounds that federal

20   question jurisdiction exists.   The federal court must then retain jurisdiction and refuse

21   to remand the case back to state court.   Id.   In Breuer, the United States Supreme

22   Court explicitly rejected an employee's argument that, because 29 U.S.C. § 216(b)

23   authorized parties to file FLSA claims in state and federal court, FLSA claims are

24   not subject to removal if filed in state court.   Id. at 697-99.

25        11.    For these reasons, this Court has federal question jurisdiction, and the

26   action may be removed to this Court under 28 U.S.C. §§ 1331, 1441(a) and 1446(b).

27   ///

28   ///

2354-2472

4

NOTICE OF REMOVAL OF ACTION
CASE NO.: _____

**D.    SUPPLEMENTAL JURIDSICTION**

12.    If this Court construes any of Plaintiff's claims as a cause of action over which this Court does not have jurisdiction, this Court should exercise its supplemental jurisdiction over the remaining claims.  Here, any remaining claims are transactionally related to the federal law issues present in this matter.  See 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

13.    All of Plaintiff's claims arise from the same common nucleus of operative facts (*e.g.*, the terms and conditions of Plaintiff's employment and the application of the employer's wage and hour policies).  Therefore, all of the claims alleged in the Complaint should be tried together in one action.

14.    Additionally, considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising its jurisdiction over Plaintiff's entire Complaint.  See United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966) (noting that the justification for supplemental jurisdiction "lies in considerations of judicial economy, convenience and fairness to litigants").  Therefore, to the extent this Court determines it does not have original federal jurisdiction over any of Plaintiff's state law causes of action, it should exercise its supplemental jurisdiction.

**E.    NOTICE TO ADVERSE PARTY AND STATE COURT**

15.    Pursuant to 28 U.S.C. § 1446(d), Defendants hereby serve written notice of the removal of this case on Plaintiffs' Counsel of Record:

> William J. Gorham
>
> Nicholas J. Scardigili
>
> Robert J. Wasserman
>
> Jenny D. Baysinger

2354-2472

5

NOTICE OF REMOVAL OF ACTION
CASE NO.: _____

1    MAYALL HURLEY P.C.

2    2453 Grand Canal Boulevard

3    Stockton, California 95207-8253

4    16.    Defendants will file on this same day a Notice of Filing Removal with

5    the Clerk of the San Diego Superior Court pursuant to 28 U.S.C. § 1446(d).  A true

6    and correct copy of the Notice to Adverse Party of Removal of Action to Federal

7    Court, along with the accompanying Certificate of Service, are attached as Exhibit D

8    to the Johnson Decl., ¶ 6.

9    **F.    CONCLUSION**

10    17.    Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 Defendants hereby

11    remove the above-captioned action from the Superior Court of California, County

12    of San Diego, to the United States District Court for the Southern District of

13    California.

14    PETTIT KOHN INGRASSIA LUTZ & DOLIN PC

15

16

17    Dated:  July 25, 2018        By:    s/ Erik T. Johnson_____
            Jennifer N. Lutz, Esq.
18          Erik T. Johnson, Esq.
            Attorneys for Defendants
19          **BUSHFIRE GRILL, INC. and
            BUSHFIRE BEACHSIDE, INC.**
20          Email: jlutz@pettitkohn.com
            ejohnson@pettitkohn.com

21

22

23

24

25

26

27

28

2354-2472

6

NOTICE OF REMOVAL OF ACTION
CASE NO.: _____

**CERTIFICATE OF SERVICE**

I hereby certify that the following document(s):

**NOTICE OF REMOVAL OF ACTION; UNDER 28 U.S.C. §§ 1331, 1441, AND 1446 (FEDERAL QUESTION)**

was served on this date to counsel of record:

[X]   **BY MAIL:**  By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[ ]   **BY E-MAIL DELIVERY:**  Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below.  I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]   **BY ELECTRONIC TRANSMISSION:**  I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system.  The CM/ECF system will send notification of this filing to the person(s) listed below.

William J. Gorham, Esq.
Nicholas J. Scardigli, Esq.
Robert J. Wasserman, Esq.
Jenny D. Baysinger, Esq.
**MAYALL HURLEY P.C.**
2453 Grand Canal Blvd.
Stockton, CA 95207-8253
Tel:   (209) 477-3833
Fax:   (209) 477-4818
Email: wgorham@mayallaw.com
          nscardigli@mayallaw.com
          rwasserman@mayallaw.com
          jbaysinger@mayallaw.com
**Attorneys for Plaintiff**
**JAIRO PACHECO**

Executed on **July 25, 2018**, at San Diego, California.

_Sandra K. Lemoine_
Sandra K. Lemoine

2354-2472

7

NOTICE OF REMOVAL OF ACTION
CASE NO.: _____

Exhibit D
97