UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO PACHECO, individually and on behalf of other similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>BUSHFIRE GRILL, INC., a California corporation; BUSHFIRE BEACHSIDE, INC., a California corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 18cv1696-JAH (WVG)<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff Jairo Pacheco's Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") was scheduled for hearing January 6, 2020 at 2:30 p.m., before the Honorable John A. Houston. Prior to the hearing, the Court took the matter under submission without oral argument. The Court, having fully and carefully reviewed Plaintiff's Motion for Preliminary Approval, the memorandum and declarations in support thereof, the Settlement Agreement, and the proposed Class Notice, hereby makes the following determinations and orders[1]:

---

[1] All terms used in this Order Preliminary Approval of Class Action Settlement (the "Order") shall have the same meanings given those terms in the Parties' Class Action Settlement Agreement and Release of

1

1. Plaintiff Jairo Pacheco is preliminarily appointed as Class Representative.

2. Mayall Hurley P.C., by and through Lead Counsel Jenny D. Baysinger, Robert J. Wasserman, William J. Gorham, III, and Nicholas J. Scardigli are hereby preliminarily approved and appointed as Class Counsel.

3. Atticus Administration, LLC is appointed as the Settlement Administrator and shall administer the Settlement in accordance with the terms set forth in the Settlement Agreement and perform the functions set forth therein. The Court also preliminarily approves declared fees and costs of administering the Settlement of up to $7,000 for administration of the Class Settlement.

4. The Court further preliminarily approves declared fees and costs of up to $1,500 to administer the PAGA allocation associated with the Settlement, as set forth in the Settlement Agreement.

5. The Court preliminarily approves and conditionally certifies for settlement purposes three (3) Settlement Classes defined as follows:

> A <u>Meal Break Class</u> consisting of all current and former non-exempt employees of Defendants, and either of them, employed within California who worked at least one shift in excess of five (5) hours between May 24, 2014 and December 31, 2018 and who did not enter into a written Arbitration Agreement with Defendants;
>
> A <u>Rest Break Class</u> consisting of all current and former non-exempt employees of Defendants, and either of them, employed within California who worked at least one shift in excess of three and one half (3 ½) hours between May 24, 2014 and December 31, 2018 and who did not enter into a written Arbitration Agreement with Defendants;
>
> A <u>Former Employee Sub-Class</u> consisting of all individuals who are members of either the Rest Break Class or the Meal Break Class and whose employment with Defendants ended at any time between May 24, 2015 and December 31, 2018.

---

Claims ("Settlement Agreement" or "Settlement"), a copy which is attached as **Exhibit 1** to the Declaration of Jenny D. Baysinger, and made a part of this Order.

2

1    The Meal Break Class is estimated to include approximately 207 total individuals, the Rest Break Class is estimated to include approximately 207 individuals, and the Former Employee Sub-Class is estimated to include approximately 184 individuals.

6. The Court finds that each of these proposed Classes meets each the requirements of Federal Rule of Civil Procedure Rule 23, subdivision (a). Specifically, the Court determines that each of the Classes is sufficiently numerous that joinder of all members is impracticable, that there are questions of law and fact that are common to each of the Classes, that the claims of Pacheco and/or defenses of Defendants relevant to each Class are typical of the claims or defenses of each respective Class as a whole, and that Pacheco will fairly and adequately protect the interests of the Classes.

7. The Court further finds that the provisions of Federal Rule of Civil Procedure Rule 23, subdivision (b)(1) and (b)(3) are satisfied with respect to each of the Classes here. Specifically, prosecuting separate actions on behalf of each individual Class Member would run the risk of inconsistent rulings and/or inconsistent relief and common issues of law or fact predominate over any issues affecting only individual members and a class action is superior to other available means for efficiently adjudicating the controversy.

8. The Court grants preliminary approval of the Settlement between Plaintiff and Defendants, based upon the terms set forth in the Settlement Agreement.

9. The terms of the Settlement Agreement appear to be fair, adequate and reasonable and the Gross Class Settlement Amount of $206,000 appears to be within the range of possible final approval.

10. The Gross PAGA Settlement Amount of $11,500 appears to serve the punitive and deterrent purposes of the PAGA and is hereby approved.

11. The Court approves, as to form and content, the Class Notice, in substantially the form attached to the Settlement Agreement as **Exhibit 1.** The Court further approves the procedure by which Class Members may opt out of, or to object to, the Settlement as set forth in the Settlement Agreement and the Class Notice.

12. The Court directs the mailing of the Class Notice in accordance with the terms of the Settlement Agreement and on the schedule set forth below. The Court finds the dates selected for the mailing and distribution of the Class Notice, as set forth below, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

13. Subject to further consideration by the Court at the time of the Final Approval Hearing, the proposed Service Payment of $2,000 to Pacheco or .0.97% of the Gross Class Settlement Amount, for his service as Class Representative is preliminarily approved.

14. Subject to further consideration by the Court at the time of the Final Approval Hearing, Class Counsel's request of attorneys' fees in the amount of one-third of the Gross Settlement Amount (which includes the Gross Class Settlement Amount and the Gross PAGA Settlement Amount), or $72,500.00, and declared costs of up to $7,500, are preliminarily approved.

15. The Court adopts the following dates and deadlines:

| | |
|---|---|
| Defendants to provide Class List to the Settlement Administrator. | **April 20, 2020** |
| Settlement Administrator to initiate information-only Settlement website | **April 27, 2020** |
| Settlement Administrator to mail Class Notice. | **April 27, 2020** |
| Deadline for Class Members to object to, or opt out of, the Settlement. | **June 8, 2020** |
| Deadline for Plaintiff to file Motion for Attorneys' Fees, Costs and Service Payments. | **June 29, 2020** |
| Deadline for Plaintiff to file Motion for Final Approval. | **July 9, 2020** |
| Final Approval Hearing. | **August 10, 2020** |

16. A Final Approval hearing on the question of whether the proposed Settlement, attorneys' fees to Class Counsel, and the Class Representative's Service Payment should be

finally approved as fair, reasonable and adequate is scheduled for **August 10, 2020 at 2:30 p.m.**

17. The parties to the Agreement are directed to carry out their obligations under the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: April 10, 2020

_____
Hon. John A. Houston
United States District Judge