UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIRO PACHECO, individually and on behalf of other similarly situated current and former employees<br><br>Plaintiff,<br><br>v.<br><br>BUSHFIRE GRILL, INC., a California corporation; BUSHFIRE BEACHSIDE, INC., a California corporation; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 18cv1696-JAH (WVG)<br><br>**ORDER:**<br><br>**1. GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT [Doc. No. 29]; AND**<br><br>**2. GRANTING MOTION FOR ATTORNEYS' FEES, COSTS, SERVICE PAYMENT [Doc. No. 28]** |

Plaintiff Jairo Pacheco's ("Pacheco" or "Plaintiff") Motion for Final Approval of Class and Action Settlement ("Motion for Final Approval") and Motion for Attorneys' Fees, Costs, and Service Payment ("Fee Motion") came on for hearing on August 10, 2020, at 2:30 p.m., before the honorable John A. Houston, District Judge, United States District Court for the Southern District of California. Jenny D. Baysinger appeared on behalf of Plaintiff and Jennifer N. Lutz appeared on behalf of Defendants Bushfire Grill, Inc. and Bushfire Beachside, Inc. The Court, having fully and carefully considered Plaintiff's Motion for Final Approval and Fee Motion, the memoranda and declarations in support thereof, the Parties' Settlement Agreement, and the oral arguments made at the

hearing, hereby makes the following determinations and orders[1]:

1. On April 10, 2020, this Court granted preliminary approval of the Settlement. Doc. 27. The claims brought by Plaintiff are set forth in that order and will not be repeated here. Plaintiff's Motion for Attorneys' Fees and Motion for Final Approval were timely filed and posted to both this Court's website and the Settlement Claims Administrator's website for interested Class Members to review. Doc. 28, 29, respectively. No objections to the Plaintiff's motions were filed.

2. The Court finds that the Settlement was reached after arm's-length negotiations between the Parties, including two separate Early Neutral Evaluation sessions overseen by Magistrate Judge William V. Gallo; the proposed Settlement occurred only after counsel for the Parties conducted adequate investigation and formal discovery; and the Settlement of this action, as embodied in the terms of the Settlement, is finally approved as fair, reasonable, and adequate and in compliance with all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law, and in the best interests of the Class Members.

3. Plaintiff Jairo Pacheco is confirmed as Class Representative.

4. Mayall Hurley P.C., by and through Lead Counsel Jenny D. Baysinger and Robert J. Wasserman are confirmed as Class Counsel.

5. Atticus Administration, LLC is confirmed as Administrator of the Settlement.

6. Prior to granting the preliminary approval, the Court evaluated the standards for class certification. Nothing has been raised subsequently that might affect the Court's prior analysis as to whether certification is appropriate here, and the Court has no cause to revisit that analysis. The Court finds that final certification as to the following classes and sub-classes, collectively referred to as the Class is appropriate under Rule 23:

---

[1] All terms used in this Order Granting Final Approval of Class and Collective Action Settlement, Attorneys' Fees, Costs, and Service Payment (the "Order") shall have the same meanings given those terms in the Parties' Class Action Settlement Agreement and Release of Claims ("Settlement Agreement" or "Settlement"), a copy which is attached as **Exhibit 1** to the Declaration of Jenny D. Baysinger in Support of Plaintiff's Motion for Final Approval.

    a. All current and former non-exempt employees of Defendants, and either of them, employed within California who worked at least one shift in excess of five (5) hours between May 24, 2014 and December 31, 2018 and who did not enter into a written Arbitration Agreement with Defendants (the "Meal Break Class");

    b. All current and former non-exempt employees of Defendants, and either of them, employed within California who worked at least one shift in excess of three and one half (3 ½) hours between May 24, 2014 and December 31, 2018 and who did not enter into a written Arbitration Agreement with Defendants (the "Rest Break Class");

    c. All individuals who are members of either the Rest Break Class or the Meal Break Class and whose employment with Defendants ended at any time between May 24, 2015 and December 31, 2018 (the "Former Employee Sub-Class").

7. The Court reviewed Class Notice that was proposed when the Parties sought preliminary approval of the Settlement and found them sufficient. The Court-approved Notice informed the Class Members of the Settlement terms, the claims they would be releasing if they chose to participate in the settlement, their rights to opt-out of, comment on or object to the Settlement, and their rights to appear at the Final Approval Hearing and be heard regarding the Settlement. The Class Notice also informed Class Members of the Individual Settlement Amount that Plaintiff separately negotiated with respect to unique individual claims he possessed that are separate from the Released Claims. Adequate periods of time to respond and to act were provided by each of these procedures. A website was created and maintained which provided Class Members the ability to obtain additional information regarding the Settlement and to access pertinent pleadings.

8. The Administrator sent Notice to 226 individuals on May 15, 2020. Notice was effectuated on 206 Class Members; 91.15% of Class Members. See Declaration of

Christopher Longley on Behalf of Atticus Administration, LLC ("Administrator Declaration").

9. The Court concludes that adequate notice was provided to the vast majority of the class here. *Silber v. Mabon*, 18 F.3d 1449, 1453–54 (9th Cir. 1994) (noting the court need not ensure all class members receive actual notice, only that "best practicable notice" is given); *Winans v. Emeritus Corp.*, No. 13-cv-03962-HSG, 2016 WL 107574, at *3 (N.D. Cal. Jan. 11, 2016) ("While Rule 23 requires that 'reasonable effort' be made to reach all class members, it does not require that each individual actually receive notice."). The Court accepts the Administrator Declaration, and finds sufficient notice has been provided so as to satisfy Federal Rule of Civil Procedure 23(e)(1).

10. Not one of the Class Members elected to exclude themselves from the Settlement and no one has raised any objection.

11. The Settlement contemplates a Gross PAGA Settlement Amount of $11,50, which will be allocated $2,200 to satisfy administrative costs, $6,975 to the LWDA, and $2,325 to be distributed to the Aggrieved Employees. The proposed allocation is fair and reasonable, serves the deterrent and punitive purposes of the PAGA, is within the range commonly approved by state and federal courts, and is confirmed.

12. The Court also approves payment to the Administrator in the total amount of $9,200, to be paid $7,000 from the Gross Class Settlement Amount of $206,000 and $2,200 from the Gross PAGA Settlement Amount of $11,500.

13. The proposed Service Payment of $2,000 to Plaintiff, less than 1% of the Gross Settlement Amount and the Gross Class Settlement Amount, for his service as Class Representative is approved.

14. Class Counsel's request of attorneys' fees in the amount of 1/3 of the Gross Settlement Amount, or $72,500, and declared costs of $7,500, are approved.

15. In accordance with the terms of the Settlement, as of the Effective Date, Participating Class Members will forever and completely release and discharge Defendants and Released Parties from the Released Claims. SA ¶ 72 (i). Additionally,

Plaintiff, on behalf of himself, the LWDA, and the other aggrieved employees in the State of California, will release Defendants and Released Parties from the Released PAGA Claims.  SA ¶ 73.

16. Participating Class Members shall be permanently enjoined and restrained from and against initiating or pursuing against Defendants any individual, representative, or class claims released by this Settlement.

17. Final Judgment is hereby entered based on the Parties' Settlement.  The Court retains jurisdiction, however, to enforce the terms of the Settlement, and ensure that its terms and this Order are carried out.

**IT IS SO ORDERED.**

Dated: August 14, 2020

_____
Hon. John A. Houston
United States District Judge